## In re KERSTEN et al.

### (District Court, E. D. Wisconsin. August 23, 1901.)

**1. BANKRUPTCY—ACTS OF BANKRUPTCY—ADMISSION BY PARTNER.**

An admission in writing, signed by one of two members of a firm of private bankers, and purporting to be made on behalf of both, that they are unable to pay their debts, and are willing to be adjudged bankrupts, constitutes an act of bankruptcy, under Bankr. Act 1898, § 3a, cl. 5, and its force is not impaired by the statement, as a reason for such inability, that they have been dispossessed of their property by proceedings instituted under the state banking law, such admission as an act of bankruptcy having reference to a present inability to pay, and not to the ultimate insufficiency of assets.

**2. SAME—SUFFERING PREFERENCE.**

Where the members of an insolvent firm appeared in a suit against them for the appointment of a receiver, and named persons for such receiver, they must be held to have "suffered or permitted" any preference obtained by creditors through such suit.

**3. SAME—HEARING AND PETITION—DEFENSES.**

The fact that the assets of an alleged bankrupt partnership are in the possession of a receiver of a state court cannot be pleaded in defense to a petition in bankruptcy against the partnership, nor considered on the hearing of such petition, since the question which court has jurisdiction to administer the estate can only arise after an adjudication has been made and a trustee appointed.

In Bankruptcy. On petition in involuntary bankruptcy.

Sheridan & Wollaeger, for petitioning creditors.

A. J. Schmitz, for bankrupts.

J. C. Kerwin, for answering creditors.

SEAMAN, District Judge. This is an application by the requisite number of creditors and amount of claims for an adjudication of bankruptcy against Theodore Kersten and Henry Kersten, as copartners in a private banking business, and the issues arise upon answer and plea interposed by certain other creditors of the firm. The primary question is whether a case is presented by the petitioning creditors, and I am satisfied that upon one or the other grounds al-

leged, if not upon both, the petitioners are clearly entitled to the exercise of the bankruptcy jurisdiction, and an adjudication against the co-partners individually and collectively. Section 4b of the bankruptcy act expressly includes "private bankers" in its provisions. The fact of insolvency stands undisputed. The one act of bankruptcy within the terms of the law appears in an admission in writing made by Theodore Kersten, and purporting to be so made on behalf of himself and Henry Kersten, constituting the firm, that they are unable to pay their debts, and are willing to be adjudged bankrupts. It is true that the writing states, as the reason for such inability, action by the bank examiner in dispossessing them, and the filing of a complaint and appointment of a receiver, under the provisions of chapter 317 of the Laws of Wisconsin for 1901, and that it also appears that the instrument is not signed by Henry Kersten. But I am of opinion that the force of the admission of their inability to pay the debts of the firm is not impaired by the specification of the cause thereof, as the conditions thus stated are proven to exist in fact, and unquestionably prevent any payment of debts by the co-partners; and the test for the purposes of this admission as an act of bankruptcy is not that of ultimate sufficiency or insufficiency of the assets to meet the indebtedness, but of present inability to pay. In respect of the single signature to the admission, it purports to be made on behalf of both, and the right to so bind upon express authority is undoubted, however the rule may be as to the implied authority of one co-partner to thus make the admission for the firm; and such authorization may be presumed from acquiescence or failure to disaffirm when the opportunity for such issue is presented. So the admission must be treated as an unqualified act of bankruptcy within the terms of section 3 (5). The further ground, appearing from the proofs, and covered by the amendment allowed, relates to the action of the alleged bankrupts in their petition to the circuit court of Calumet county in the suit there pending for the appointment of a receiver, naming persons for such appointment in the event of granting the application, and, I have no doubt, amounts to a general appearance for all the purposes of that suit. Thus appearing as parties in such proceeding, it must be held that any preference thereby obtained by certain creditors was "suffered and permitted" by them, and constituted an act of bankruptcy within section 3 (3); and the fact of such operation of the proceeding under the state enactment appears in the proof of payments made to creditors within the preceding four months, and the absence of any provision in such cases analogous to section 57g of the bankruptcy act.

The further question, as to jurisdiction over the assets of the bankrupts, now in the possession of the receiver appointed by the circuit court of Calumet county, which is set up in a plea by the answering creditors, is not one affecting the jurisdiction of the court to proceed to an adjudication in bankruptcy, and cannot be raised at this stage of the proceedings, nor in the form here presented. It is true that jurisdiction over the estate of a bankrupt is essential for its due administration under the provisions of the act of congress, but, if the jurisdiction of the bankruptcy court to that end is ultimately ques-

tioned, the issue can arise only after bankruptcy is adjudged, and a trustee or other custodian is appointed, and qualified to take possession. The showing in this record of the action pending in the circuit court of Calumet county, and of its custody of the estate, through a receiver, under the provisions of the state statute, while tending to establish an act of bankruptcy, as above indicated, appears thus far to be an exercise of the jurisdiction which is clearly vested in that court by the laws of the state. If such action involves administration of the estates of debtors within the statute, in the nature of insolvency proceedings, it cannot be doubted that jurisdiction to that end is suspended when an adjudication of bankruptcy intervenes and becomes paramount under the bankrupt act adopted by congress in conformity to the powers reserved by the constitution. As the national act is thus made controlling, its limitations of jurisdiction are equally binding upon state and federal courts, and it is as well the right as it is the duty of the circuit court of Calumet county in the action there pending to direct its own course when advised of the proceedings in bankruptcy. While it may be found that this court has acquired exclusive authority to administer the estate, no supervisory jurisdiction exists over the proceedings of the state court. Each exercises independent judgment as to the extent of its jurisdiction when the question arises, and surely this court must not take it up prematurely, or in any sense forestall just consideration by the state court having prior custody of the estate. If the adjudication of bankruptcy so operates, as remarked in the recent decision of the supreme court in Bryan v. Bernheimer, 5 Am. Bankr. R. 623, 629, 21 Sup. Ct. 557, 559, 45 L. Ed. 814, that the property of the bankrupts is "thereby brought within the jurisdiction of the court of bankruptcy," it nevertheless rests with the state court, in the first instance, at least, to determine its course when such contingency is duly presented. Moreover, the judicial custody can be changed only through action by the state court for its release, or through plenary procedure, in conformity with the law which governs both jurisdictions, and in accord with comity. An adjudication of bankruptcy will be entered in accordance with this opinion, and the matter referred to Referee Forward, of Oshkosh. It is so ordered.