## In re CODDINGTON.

(District Court, M. D. Pennsylvania. October 31, 1902.)

### No. 185.

1. BANKRUPTCY—CROSS-EXAMINATION OF ALLEGED BANKRUPT.

Where the act of bankruptcy charged is the preferential transfer of property while insolvent, the person against whom the petition has been filed is required by section 3 d. of the bankruptcy act to appear at the hearing with his books, papers, and accounts, and submit to an examination; and upon his failure to do so the burden of proving his solvency is thrown upon him. He may therefore be called and cross-examined by creditors at such hearing.

2. SAME—INSOLVENCY—VALUATION OF CREDITS.

In determining the question of the insolvency of an alleged bankrupt, his credits must be estimated at their actual, and not their nominal, value, where their collectibility is doubtful.

In Bankruptcy. On exceptions to report of referee.

L. P. Wedeman, for bankrupt.
George Little, for certain creditors.

ARCHBALD, District Judge. It is objected that the only evidence on the subject of the respondent's insolvency was that which was obtained by calling and cross-examining him, which, it is claimed, the creditors had no right to do. But by section 3 d of the bankrupt act it is specially provided that, where a preferential transfer of property while insolvent is charged as the act of bankruptcy relied upon, the person against whom the petition has been filed is required to appear at the hearing with his books, papers, and accounts, and submit to an examination, as well as give testimony as to all matters tending to establish his insolvency, and upon his failure to do so the burden of proving his solvency is thrown upon him. This is a sufficient answer to the objection.

To maintain his solvency, the respondent relies upon certain book accounts, aggregating about $1,800, which, outside of the debt to Boyle, his brother-in-law, to whom he turned over his stock of merchandise, is the amount of his indebtedness. These accounts, he claims, would enable him in time to pay dollar for dollar of all that he owes, but this expectation is hardly warranted by what he has further to say with regard to them. About one-third—$600—is what is coming to him from accounts due the firm of Boyle & Coddington, which has been out of business for at least two years, during which time nothing substantial has apparently been collected upon them, which is very fair proof that they are not at present collectible. Of the accounts on his own books, which have been gathering since he has been in business by himself, some are against parties who admittedly have no property, and are simply expected to pay because they are honest. Expectations and reliances such as these are too uncertain to stand as property of value when balancing up the assets and liabilities of an alleged bankrupt. It may be that something could be realized out of them in time by patient and persistent effort, but that does not satisfy the law. It is their value now that is to be taken, and that can be but little, under the circumstances. If they had any real worth, it may be well asked why the bankrupt did not turn them over to his brother-in-law and go on with his store instead of transferring his whole stock of merchandise, which put him out of business.

The exceptions to the report of the referee are overruled, and an adjudication directed in accordance with his recommendations.