### In re BORELLI & CALLAHAN.

(District Court, D. Connecticut. January 12, 1906.)

No. 1,515.

BANKRUPTCY—INVOLUNTARY PROCEEDINGS—SUFFICIENCY OF EVIDENCE.

Evidence offered on the hearing of a petition in involuntary bankruptcy against a partnership and its members considered, and *held* to show that petitioners were holders of provable claims against the firm, that it was insolvent, and that an act of bankruptcy had been committed by one of the partners which rendered defendants subject to adjudication as bankrupts.

In Bankruptcy. On report of special master, to whom was referred petition in involuntary bankruptcy against Borelli & Callahan, as partners and as individuals, with answer of Callahan in opposition thereto.

Stiles Judson, for petitioners.

F. M. Williams and L. J. Nickerson, for respondent Callahan.

PLATT, District Judge. This matter has been sadly tangled. From the day when it first reached the court's attention, every effort has been made to remove complications as fast as they appeared, but at this late date, and after bearing grievous burdens, an unpleasant

taste still lingers in the mouth. If the record shall reach the eyes of the appellate tribunal, it must carry with it this word not exactly of apology, but rather of explanation.

The heat of the battle is over, and I have read with care the entire record. I do not propose to take up the exceptions to the report seriatim; but in reaching my conclusions I shall give the alleged bankrupt Callahan the benefit of his exceptions, so far as they appear to have any merit. I shall assume that he is entitled to all that he claims to have shown or to be able to show. There is enough before me so that an orderly administration of justice demands a speedy settlement of the issues which have been raised, and for that reason I am taking early action and filing therewith this meagre memorandum. I am satisfied that the partnership of Borelli & Callahan was formed on November 3, 1904, as shown by the bill of sale of that date from Borelli to Callahan (marked by me "Exhibit 2"), and by the actions of the parties which followed. Borelli turned in a half interest in property of which he was the sole owner, as well as the half interest in other things which he owned in common with his deceased wife's estate. I am also satisfied that the copartnership became insolvent, and that, while insolvent, one of the partners (Callahan) tried to give one Warner a preference for his individual debt, by transferring to him his (Callahan's) interest in the copartnership property. If this could be done, it would be at the expense of the copartnership creditors. I am also satisfied that the debts are provable debts, although I doubt if that issue has been properly presented and tried, but, in reaching this conclusion, I have given Callahan the benefit of every fact which he insists did appear, or which might have appeared after further hearing. As to the paper marked "Opinion" originally filed by the referee on October 27, 1905, and to the refiling of which by the referee as special master on December 29, 1905, the respondent Callahan excepts, I have only this to say: I did not read it when first filed, and I have not read it since its refiling. It has therefore not affected the court's mind in the slightest degree, and the clerk may strike it from the files. I am bound to say, however, that, if it is just what the respondent Callahan says it is, the matter would really be one between the master and myself, and its refiling would not be a proper subject of exception by respondent, and particularly so, since no exception was taken to the original filing.

Let the copartnership and the individual members be at once adjudicated bankrupts.

### Exhibit 2.

"Know all men by these presents, that I, Andrew Borelli, of New Milford, in the county of Litchfield and state of Connecticut. for the consideration of a valuable sum in dollars, received to my full satisfaction of Dennis F. Callahan, of said town of New Milford, do hereby bargain, sell, transfer. and convey unto the said Dennis F. Callahan the following articles of personal property, to wit, one undivided one-half of all my stock of goods, merchandise, and articles of consumption, one undivided one-half of bar, bar fixtures, bottles glasses, chairs, billiard table, tables, and furniture of all kinds used by me in conducting the sale of liquors, cigars, tobacco, etc., also my undivided one-half of all the furniture, beds, bedding, linen, tableware, crockery, kitchen utensils, stoves, ranges, and all other articles used in keeping a hotel (said

other undivided one-half belonging to the estate of my deceased wife, Margaret Borelli)—all of said property being situated and contained in the Lincoln House, on Bank street, in said town, together with one undivided one-half of the good will in said business of keeping a hotel in said town; it being my intention to sell and deliver to said Callahan an interest in said business, so as to make himself and myself equal partners.

"To have and to hold the same to him, the said Dennis F. Callahan, his executors, administrators, and assigns forever, to his and their own proper use and behoof.

"And I, the said Andrew Borelli, for myself, my heirs, executors, and administrators, covenant and agree with the said Dennis F. Callahan to warrant and defend the said goods to him, the said Dennis F. Callahan, against all persons whatever.

"In witness whereof, I have hereunto set my hand and seal this 3d day of November, in the year of our Lord, one thousand nine hundred and four.

"Andrew Borelli. [L. S.]

"Signed, sealed and delivered in the presence of

"Russell B. Noble.

"John F. Addis.

"State of Connecticut, County of Litchfield—ss.

"New Milford, Nov. 3d, 1904.

"Personally appeared Andrew Borelli, signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me. John F. Addis, Justice of the Peace."

Endorsed: "Bill of Sale of Personal Property. Andrew Borelli to Dennis F. Callahan. Received June 14, 1905. Recorded in New Milford Land Records, volume 68, pages 31, 32, by Russell B. Noble, Town Clerk. Fee, 60c ex'd."