### YUNGBLUTH v. SLIPPER et al.

### In re YUNGBLUTH et al.

#### (Circuit Court of Appeals, Ninth Circuit. February 6, 1911.)

#### No. 1,859.

1. BANKRUPTCY (§ 60*)—ACTS OF BANKRUPTCY—VOLUNTARY ASSIGNMENT.

A voluntary assignment of all the property and assets of a firm operating a private bank to a receiver, constituted an act of bankruptcy, though done by one of the partners and not participated in by the other.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 60.*]

2. BANKRUPTCY (§ 69*)—PARTNERS—ACT OF BANKRUPTCY—ASSIGNMENT BY ONE MEMBER OF FIRM—EFFECT.

Bankruptcy Act July 1, 1898, c. 541, § 5, 30 Stat. 547 (U. S. Comp. St. 1901, p. 3424), declares that partnership property shall not be administered in bankruptcy unless all the partners are adjudged bankrupt except in case of consent of those not so adjudged. Held, that where one of the members of a firm operating a private bank made an assignment of the firm's property and assets to a receiver, and, though the nonconsenting partner's assets exceeded his individual debts, the total assets of the partners and of the firm were insufficient to pay the partnership debts, an adjudication was properly rendered against both the firm and the individual partners.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 69.*]

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington.

In the matter of involuntary bankruptcy proceedings against Jacob Yungbluth and against August W. Schafer, copartners doing business as the Bank of Hamilton, Jacob Yungbluth & Co., Proprietors; and the Bank of Hamilton, A. W. Schafer & Co., Proprietors; and A. W. Schafer & Co., Private Bank; and against the alleged partners as individuals. A demurrer to the petition of John H. Slip-

per and another doing business as the Eagle Shingle Company and others having been overruled, Jacob Yungbluth answered, and, from an order adjudging both the firm and copartners bankrupt, he appeals. Affirmed.

The appellant appeals from the order of the District Court entered on March 14, 1910, adjudging him to be a bankrupt. On January 21, 1908, a petition in involuntary bankruptcy was filed by certain creditors against the appellant and August W. Schafer, as copartners in the banking business, and against the partnership, alleging that on November 15, 1907, a receiver had been appointed for the bank by the superior court of Skagit county, state of Washington; that, following the appointment of such receiver, A. W. Schafer made a general assignment of all the property and assets of said banking firm to the receiver; and that prior to the receivership, between November 4 and 15, 1907, the firm had paid out of its funds moneys to certain of its creditors and depositors at a time when it was insolvent, and wholly unable to pay its creditors or depositors in full, to the prejudice of other creditors. To this petition the appellant interposed a demurrer on the ground that it did not set forth facts sufficient to show that he had committed any act of bankruptcy. The demurrer was overruled. The appellant then answered, denying that he was insolvent, or that he had ever committed any act of bankruptcy, or that at any time since January, 1905, he had been a partner in the bank, and alleged that the partnership had been dissolved and all partnership matters had been settled and adjusted on January 25, 1905. On testimony taken on this issue before a master, the court found that the partnership had never been dissolved, and thereupon the court submitted to a jury the question whether or not the appellant was insolvent at the date of the filing of the petition, and whether the copartnership committed the acts of bankruptcy charged. The jury in its verdict found affirmatively on both the issues. Schafer made no defense to the petition, and the court thereupon adjudged the partnership and the individual members thereof bankrupt.

E. C. Million, I. E. Shrauger, and J. P. Houser, for appellant.

Lin H. Hadley, A. M. Hadley, W. H. Abbott, and Thomas Smith, for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). The appellant assigns as error that the petition in which bankruptcy was charged does not state facts sufficient to warrant the judgment, and contends that the petition shows no act of bankruptcy, that the proceedings in the state court wherein a receiver was appointed were unauthorized by law, that the state court had no jurisdiction to appoint the receiver, and that the act of the bank in paying out moneys to depositors is not shown to be an act of bankruptcy for the reason that there is no allegation that any undue preference was obtained thereby. But the contention ignores the fact that the petition charges a voluntary assignment of all the property and assets of the bank to the receiver. That act, although done by A. W. Schafer, and not participated in by the appellant, was an act of bankruptcy sufficient in itself to justify the adjudication of bankruptcy.

It is contended that the court below erred in finding from the evidence that the appellant was a member of the copartnership, and it is said that upon the evidence the court should have found that the partnership was dissolved in January, 1905. We have given the testimony careful consideration, and we are not convinced that there was error

in the findings the trial court made that the partnership was never in fact dissolved prior to proceedings in bankruptcy.

The only question which requires any extended discussion is presented by the contention that the appellant could not be adjudged a bankrupt on account of the individual act of bankruptcy of his copartner. Schafer made the assignment for creditors, and there is no proof that the appellant assented to it. There can be no doubt that Schafer's act was an act of bankruptcy for which the partnership was properly adjudged bankrupt, for it was an act which affected the partnership business and disposed of the partnership assets. In re Meyer, 98 Fed. 976, 39 C. C. A. 368; In re Kersten (D. C.) 110 Fed. 929; In re Borelli (D. C.) 142 Fed. 296. But the proceeding in this case was not only against the partnership, but was also against each individual member. In some of the decisions it has been said broadly that one partner may not be adjudged bankrupt for the act of his copartner, and undoubtedly the statement is true as to certain acts of individual partners. Thus it has been held that neither a firm nor the other partners may be adjudged bankrupt for the act of a partner in preferring out of his individual estate one of his own or the firm's creditors. Mills v. J. H. Fisher & Co., 159 Fed. 897, 87 C. C. A. 77, 16 L. R. A. (N. S.) 656. But we think the true doctrine is that, if the act of the individual partner is one for which the partnership itself may be adjudged bankrupt, the other members of the firm may also be adjudged bankrupt unless they can show in defense that the property of the firm, together with that of all the partners applicable to the payment of the partnership debts, is sufficient to pay the same. The true construction of this feature of the bankruptcy law is, we think, best expressed by Judge Lowell, In re Forbes (D. C.) 128 Fed. 137, a case in which, in view of section 5 of the act (Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3424]), which provides that the partnership property (except in case of consent) shall not be administered in bankruptcy unless all the partners are adjudged bankrupt, he held that the partnership may not be made bankrupt except by an adjudication of all its partners, and that the only defense a nonconsenting partner can make to the petition is that the partners are able to pay the partnership debts and their own debts, out of the joint or separate estates. If the assignment for creditors in the present case had been made or assented to by both partners, it would have been unnecessary to prove the insolvency of the partnership. West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098. Upon the issue of insolvency, the appellant's defense was submitted to a jury, and the fact that his individual assets exceeded his individual debts could not relieve him of the charge of insolvency as a member of the partnership, for the total assets of the partners and of the firm were insufficient to pay the partnership debts.

The judgment is affirmed.