LOUISIANA NAT. LIFE ASSUR. SOCIETY et al. v. SEGEN.

(District Court, E. D. Louisiana. April 19, 1912. On Application for New Trial.)

No. 1,583.

BANKRUPTCY (§ 54*)—INSOLVENCY—ASSETS—OPEN ACCOUNTS.

In determining the question of insolvency of an alleged bankrupt owning open accounts, the accounts, to be considered as assets, must be such as would be available to the bankrupt with which to meet his liabilities within a reasonable time; and where ten months is deemed a reasonable time within which to collect the accounts, and the accounts collected during that period and other assets do not show solvency, and the alleged bankrupt has committed acts of bankruptcy in confessing judgment and mortgaging his property, he will be adjudged a bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 54, 84, 85; Dec. Dig. § 54.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Bankruptcy. Petition by the Louisiana National Life Assurance Society and others against Jacob Segen for the adjudication of defendant a bankrupt. Decree adjudicating defendant a bankrupt ordered.

Gustave Lemle, T. Catesby Jones, and Ernest T. Florance, for plaintiffs.

Soule & Richardson, for defendant.

FOSTER, District Judge. In this matter it is apparent that, unless defendant's open accounts, about $17,500 called good and $9,300 called doubtful, and estimated by him as aggregating in value $16,332.85, are considered as good assets, the defendant is insolvent, and was so at the date the petition was filed against him. If he was insolvent then, he has undoubtedly committed acts of bankruptcy in confessing judgment and in mortgaging his property.

It appears that the defendant is a peddler of jewelry, and that he sells same on the installment plan, usually to people who have no assets except their salaries. It is a reasonable inference from the testimony taken that a great majority of these parties are execution proof, though they are doubtless honest, and may eventually pay their debts in full. Therefore these open accounts should not be considered in estimating the defendant's resources. In considering assets in relation to liabilities, to determine solvence vel non, the assets ought to be such as a creditor of the alleged bankrupt could realize on if he obtained a judgment against him in the ordinary course of judicial procedure. In re Coddington (D. C.) 118 Fed. 281.

It is urged by the defendant that most small traders sell to people of no financial resources, and, if their open accounts are not to be considered good assets, they would be continually in danger of being proceeded against for involuntary bankruptcy. This, of course, would not be true if they did not commit acts of bankruptcy, and in this case I do not find the argument persuasive.

Such being the case, there will be a decree adjudicating the defendant a bankrupt.

## On Application for New Trial.

Counsel for defendant has pressed his application for a new trial and a reversal of the order herein with great force and earnestness, and I have endeavored to give the entire matter careful reconsideration. The evidence establishes to my satisfaction that the debtor mortgaged his property with intent to hinder and delay his creditors, and the burden of proving his solvency is therefore on him. His liabilities are approximately $21,900. He has shown with reasonable certainty that he had assets, the fair valuation of which is as follows: Real estate, $6,500; merchandise, $6,679; furniture and other movables, part of which is exempt, $1,850—a total of $15,029. This would leave a balance on the side of insolvency of $6,871. He also claims he had on hand some clocks, valued at $400, and $200 in cash. He had no commercial bank account at the time, and from the vagueness of his testimony as to savings bank accounts in other cities, and

from the appearance of his account with the bank in which he had kept his commercial account when he had it, I am not inclined to believe that he had any cash on hand at all at the time the proceedings were filed, nor is the value of the clocks shown with any reasonable certainty.

But the main question to be considered is what value should be given his open accounts. The list of so-called good accounts shows a total of 529. A large number of the debtors are married women, of themselves having no legal responsibility, all of the sales were verbal, and the defendant has no notes, or other written evidence of debt, from the purchasers. The defendant was interrogated particularly as to the value of some 19 accounts, aggregating $1,037, and testified that they were all perfectly good, the debtors paying regularly, and he further stated that all of his accounts on his list of so-called good accounts were equally good.

On the argument of motion for new trial, counsel for defendant was requested to show what, if anything, had been collected upon the accounts since the institution of the proceedings, and in response has furnished a list, showing collections on accounts, running from the time the previous list was furnished up to the day of the argument on the motion, from July 7, 1911, to May 11, 1912. Of the 529 accounts, aggregating $16,510, 137 of them, aggregating $1,984, have been paid in full. On 193 accounts, aggregating $8,598, partial payments of $3,394, have been made, an average of less than $2 a month on each account. On 199 accounts absolutely nothing has been paid. On the accounts as to which the defendant was specially interrogated, included in the above, it appears that 2 of them, aggregating $164, have been paid in full; on 5 of them nothing has been paid at all; and on the others only $105 has been paid, leaving a balance of $768 still due.

In my former remarks I inadvertently stated too broadly the rule in regard to what assets should be considered in determining solvency vel non, as under it as stated exempt property would be excluded from consideration, which is clearly not the intention of the law. But in determining solvency the property relied upon should undoubtedly be such as would be available to the bankrupt himself with which to meet his liabilities within a reasonable time. If it be considered that 10 months is a reasonable time within which the defendant might have collected his assets, undoubtedly his open accounts should be given a valuation of $5,376; but, even according them that valuation, and also including in his assets the $400 worth of clocks and the $200 in cash claimed, he would still not be solvent. It is only reasonable to suppose that the defendant, during the 10 months these proceedings have unavoidably been pending, has applied himself assiduously to the collection of his assets, and I am not disposed to give the open accounts any greater value than the amount shown by the defendant's testimony to have been collected, especially in view of his testimony regarding their value and the great discrepancy disclosed by the actual result of 10 months' attempted collections.

A new trial will be refused.