In re WELLESLEY et al.

In re CARTWRIGHT & PLUNKETT.

(District Court, N. D. California, First Division. December, 1917.)

1. BANKRUPTCY &#8653;61—ACTS OF BANKRUPTCY—ADMISSION OF INSOLVENCY.
    A debtor's written admission of inability to pay his debts, and willingness on that ground to be adjudged a bankrupt, is sufficient to support an adjudication, without regard to his solvency or insolvency.

2. BANKRUPTCY &#8653;62—ACTS OF BANKRUPTCY—PARTNERSHIP.
    A written admission by one of three partners on behalf of the firm of its inability to pay its debts and its willingness on that ground to be adjudged a bankrupt is not an act of the partnership, and is insufficient to support an adjudication against the opposition of the other partners.

3. BANKRUPTCY &#8653;62—PARTNERSHIP—"ACT OF BANKRUPTCY"—CONCEALMENT OF PROPERTY.
    The withdrawal from a bank by one partner of money of the firm, and his retention of the money and refusal to produce it, was a concealment of property by the partnership with intent to hinder, delay, and defraud creditors, which constituted an act of bankruptcy.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

4. BANKRUPTCY &#8653;91(1)—INVOLUNTARY PROCEEDINGS—DEFENSES.
    Where concealment of property with intent to defraud creditors is alleged as an act of bankruptcy, the burden rests on the alleged bankrupt to prove solvency as a defense.

In Bankruptcy. In the matter of Annie C. Wellesley, J. H. Plunkett, and Orpha Plunkett, copartners doing business as Cartwright & Plunkett, and Annie C. Wellesley and J. H. Plunkett individually, alleged bankrupts. Hearing on involuntary petition. Order of adjudication.

Milton J. Green and Vogelsang & Brown, all of San Francisco, Cal., for petitioning creditors.
Hugh K. McKevitt, of San Francisco, Cal., for bankrupts Plunkett.
Sullivan & Sullivan and Theo. J. Roche, all of San Francisco, Cal., for bankrupt Wellesley.

FARRINGTON, District Judge. A petition has been filed by three creditors of Annie C. Wellesley, J. H. Plunkett, and Orpha Plunkett, as copartners doing business under the firm name of Cartwright & Plunkett, asking that the partnership, Annie C. Wellesley, and J. H. Plunkett be adjudged bankrupts. Two acts of bankruptcy are alleged: First, that the said Annie C. Wellesley, for herself and for said firm, admitted in writing the inability of the firm to pay its debts, and its willingness to be adjudged a bankrupt on that ground; second, that J. H. Plunkett concealed $1,800 belonging to the firm, with intent to hinder, delay, and defraud its creditors. $1,400 of that amount was so concealed June 18, and an additional $400 September 5, 1917.

The Plunketts have filed an answer, denying that they, or either of them, or the firm, is insolvent, or has committed an act of bankruptcy, as alleged in the petition. The matter having been referred to Armand B. Kreft, referee in bankruptcy, he has found, and reported, after

&#8653;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

taking the evidence, that both acts of bankruptcy were committed as alleged, and recommends that the firm, and also J. H. Plunkett and Annie C. Wellesley, individually, be adjudged bankrupts.

The question is: Can the two alleged acts of bankruptcy, or either of them, be attributed to the firm? Section 3a, subdivisions 1 and 5, of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 546 [Comp. St. 1916, § 9587]), are as follows:

"Acts of bankruptcy by a person shall consist of his having (1) conveyed, transferred, concealed, or removed, or permitted to be * * * removed, any part of his property, with intent to hinder, delay, or defraud his creditors, or any of them; * * * or (5) admitted in writing his inability to pay his debts, and his willingness to be adjudged a bankrupt on that ground."

Section 1, subdivision 19 (Comp. St. 1916, § 9585), provides that the term "persons," when used in the Bankruptcy Act, shall include partnerships.

Mrs. Wellesley, who owns a half interest in the firm, is the mother of Orpha Plunkett, and the latter is the wife of J. H. Plunkett. The testimony shows that on the day before the creditors' petition was filed Mrs. Wellesley admitted in writing that the partnership was unable to pay its debts and willing to be adjudged a bankrupt on that ground. The admission purports to have been made on behalf of the firm.

[1] It is well settled that the debtor's written admission of inability to pay his debts, and willingness on that ground to be adjudged a bankrupt, is sufficient to support an order of adjudication, without regard to his solvency or insolvency. West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098, 2 Am. Bankr. Rep. 463; In re American Guarantee & Security Co. (D. C. Cal.) 27 Am. Bankr. Rep. 640, 192 Fed. 405; Brandenburg on Bankruptcy, § 53.

[2] With one partner favoring and two opposing, it can hardly be said that the partnership is willing to be adjudged a bankrupt. Nevertheless, on the authority of Yungbluth v. Slipper (C. C. A. 9th Cir.) 26 Am. Bankr. Rep. 265, 185 Fed. 773, 108 C. C. A. 106, 223 U. S. 722, 32 Sup. Ct. 524, 56 L. Ed. 630, and In re Kersten (D. C. Wis.), 6 Am. Bankr. Rep. 517, 110 Fed. 929, it is contended that the admission by Mrs. Wellesley is the act of the firm.

In the Yungbluth Case, one of the partners had assigned the partnership property for the benefit of the firm, the "total assets of the partners and of the firm, were insufficient to pay the partnership debts," and the jury found that the opposing partner himself was insolvent. Under the circumstances the assignment was held to be sufficient to support an adjudication against the firm, because "it was an act which affected the partnership business and disposed of the partnership" property. The court also said that, if the assignment had been made or assented to by both partners, it would not have been necessary to prove the insolvency of the partnership. The reasonable inference to be drawn is that insolvency must be shown affirmatively, when such an assignment of partnership property is not made by or with the consent of all the partners.

In the Kersten Case, the act of bankruptcy relied on was an admission in writing, signed by one of the two members of a firm of private

bankers, purporting to be made in behalf of both, that they were unable to pay their debts and willing to be adjudged bankrupt. The proceedings were had on a creditors' petition, and the only opposition was made by other creditors, not by a copartner. The court held that, in the absence of express authority, authority might be inferred from the fact that the partner not signing the admission failed to object or disaffirm, when opportunity so to do was presented.

In the case at bar the written admission does not dispose of property, or necessarily affect the partnership business. This is a general partnership. Unless otherwise expressly stipulated, the decision of a majority of its members binds it in the conduct of its business. Each member is agent for the partnership in the transaction of its business, and has authority to do whatever is necessary to carry on the business of the firm in the ordinary manner. As such a partner, Mrs. Wellesley had no authority "to do any act which would make it impossible to carry on the ordinary business of the partnership," or to do any other act not within the scope of the partnership business. Civ. Code Cal. §§ 2424, 2428, 2429, 2430.

There is no evidence that Mrs. Wellesley had any prior authority to make the admission. Such an act, however, may be ratified, either expressly or impliedly, and thus become the act of the firm; for example, an unauthorized contract of purchase by one partner was held to have been indirectly ratified by the failure of the remaining partners to disavow the contract before delivery of the goods. Hatchett & Large v. Sunset Brick & Tile Co. (Tex. Civ. App.) 99 S. W. 174. The rule is thus stated in Rowley's Modern Law of Partnership, § 473:

"If one partner fails to repudiate an unauthorized act of the other within a reasonable time after he has acquired knowledge thereof, he will ordinarily be held to have ratified the same."

In the present case it is impossible to indulge any presumption of acquiescence on the part of the Plunketts. On the day following the execution of the admission, the creditors' petition was filed, and at once opposed by all the partners except Mrs. Wellesley. Hence I am unable to agree with the referee that the written admission, under the circumstances, was an act of the copartnership, and therefore sufficient in itself to support an adjudication.

[3] The record in this case shows that in June, 1907, the three partners, on their joint note, borrowed from the First National Bank of San Francisco $2,400. This amount was placed to the credit of the firm, and later, June 18th, Plunkett drew from the account $1,400, and in September an additional $400. He admits that he has the money, but refuses to produce it, to tell where it is kept, or to pay it to the creditors of the firm. His proposal to the creditors was that he would purchase Mrs. Wellesley's half interest in the business; that he would pay therefor the $1,800, which he had drawn from the bank, allow Mrs. Wellesley to retain $700 of the partnership funds, which she then had in her hands, and that he would in addition give her a note for $2,500, payable in one year. Clearly these facts are sufficient to establish a concealment of partnership funds, with intent to hinder, delay, and defraud creditors. The act was committed by a member of

the firm; it was a disposition of partnership property; it had the same effect on the property out of which the partnership debts were payable and on the partnership business as would have been accomplished had all three partners actively and openly participated therein.

There is no evidence of any protest or of any objection to the act of J. H. Plunkett by other partners, unless the written admission of Mrs. Wellesley can be so construed. In borrowing the money the three partners united. Its concealment was a detriment to all creditors of the firm. J. H. Plunkett's scheme, if successful, would have enabled Mrs. Wellesley to withdraw from the business with $2,500 of partnership money. In its effect upon the property and business of a firm, a written admission of inability to pay its debts and willingness to be adjudged bankrupt is very different from a concealment of its property with intent to defraud, particularly if the firm is in failing circumstances and the concealment has been actually effected.

[4] The Plunketts are earnestly opposing an adjudication. It is provided in section 3, subdivision (c), of the Bankruptcy Act, that it shall be a complete defense to any proceeding in bankruptcy, based on the debtor's concealment of his property with intent to defraud his creditors, to allege and prove that the party proceeded against was not insolvent at the time of filing the petition against him. Not only was it much to the advantage of the Plunketts in this contest to prove that fact, but, inasmuch as it is defensive matter, the burden was on them to do so. Collier on Bankruptcy (10th Ed.) p. 84; Brandenburg on Bankruptcy, § 42, p. 67; In re Crenshaw (D. C. Ala.) 19 Am. Bankr. Rep. 503, 156 Fed. 638; Louisiana Nat. Life Assurance Soc. v. Segen (D. C. Ala.) 28 Am. Bankr. Rep. 407, 196 Fed. 903. The complete failure of the Plunketts, who must have possessed accurate knowledge as to the firm and its affairs, to prove, or attempt to prove, its solvency, justifies the inference that solvency was incapable of proof, and that the assets of the company, together with those of the individual partners, were insufficient to pay its debts.

In Chemical National Bank v. Meyer (D. C. N. Y.) 1 Am. Bankr. Rep. 565, 92 Fed. 896, where the liquidating partner of an insolvent firm made a general assignment for the benefit of creditors, and the other partner made no attempt to prevent such assignment, it was held to be an act of bankruptcy upon which the firm could be adjudged bankrupt. The court further observed that, if Meyer did not have the authority to make an assignment, then the assignment was tantamount to an attempt to conceal or remove the property with intent to hinder, delay, or defraud the firm creditors. The conduct of the other partner amounted to a practical acquiescence, so that in either case an act of bankruptcy had been committed with reference to the firm.

We have here, then, facts very similar to and quite as convincing as those which were deemed sufficient to warrant an adjudication against the partnership in the Yungbluth Case. It is unnecessary to discuss the participation of J. H. Plunkett and Mrs. Wellesley. Each has committed an act of bankruptcy.

Let an order of adjudication be entered herein against the firm, J. H. Plunkett, and Annie C. Wellesley.