ANCHOR COATINGS, INC., a Wisconsin corporation, Plaintiff, v. DE GELLEKE COMPANY, INC., a Wisconsin corporation, Defendant-Appellant: MOSKOWITZ, Receiver of De Gelleke Company, Inc., Respondent.

*No. 640 (1974). Submitted on briefs January 7, 1976.— Decided February 3, 1976.*
(Also reported in 237 N. W. 2d 725.)

For the appellant there was a brief by *E. H. Snyder* of Milwaukee.

For the respondent Paul L. Moskowitz, receiver of De Gelleke Company, Inc., there was a brief by *Paul L. Moskowitz* and *Bradley J. Keith* and *Moskowitz & Keith* of Milwaukee.

HANLEY, J.   Three issues are presented on this appeal:

1. Was personal jurisdiction over the appellant lacking because of a failure of notice?

2. Should the receivership have been abated because of pending federal action?

3. Should the receiver be dismissed because of the petitioning creditor's "bad faith?"

*Notice.*

De Gelleke contends that notice of the hearing must be given to the candidate for receivership, and that an opportunity to be heard must also be afforded. General law supports this statement. 65 Am. Jur. 2d, *Receivers* sec. 97 (1972); 75 C. J. S., *Receivers* sec. 49 (1952). Early case law in Wisconsin, describing past equity receivership hearings, indicates that these rights were mandatorily accorded the candidate. *Hungerford v. Cushing* (1855), 8 Wis. 135 (*320); *Northwestern Iron Co. v. Leigh Coal & Iron Co.* (1896), 92 Wis. 487, 489, 66 N. W. 515.

The statute contains no provision for notice. Due process, however, would require that notice and a hearing be given. This requirement may be disregarded in the extreme case if there is a proper showing that notice might frustrate the proceedings by allowing the debtor to conceal or waste his assets. 75 C. J. S. sec. 49 (b). In such case the debtor may always subsequently challenge the appointment. 65 Am. Jur. 2d sec. 97.

In the case at bar, the president of De Gelleke was served with an order to show cause which fully informed her of the date for the initial receivership hearing. The record also reveals that counsel for De Gelleke was in contact with counsel for Anchor concerning this hearing, and chose not to oppose the proceeding. Thus the claimed actions and status of De Gelleke, as justifying a sequestration of assets and appointment of receiver, were disclosed to them and a full opportunity to contest the allegations was afforded.

De Gelleke is attempting to transfer the due process procedures required for the determination of receivership to the selection of the person of a receiver. These acts do not equate, and case law on the former is simply not on point. The status of appellant was determined and continues even throughout successive receivers. 65 Am. Jur. 2d sec. 97.

In this case, the initial appointee neither qualified nor accepted the appointment as·receiver. No violation of any right occurred to the appellant when the court selected another appointee. Even if the first appointee had qualified and then rejected his commission, that "removal" calls into play only the creditors' interests. *State ex rel. Fourth National Bank of Philadelphia v. Johnson* (1899), 105 Wis. 164, 178, 179, 83 N. W. 320. After Moskowitz qualified by posting a bond, notice of his appointment and of the tasks required of the debtor was duly given. This procedure had to be followed to compel the debtor to fulfill the disclosure provisions of sec. 128.13, Stats.

*Federal pre-emption.*

De Gelleke based its plea in abatement on the fact that a petition for bankruptcy was "currently pending" in the federal court for the Eastern District of Wisconsin. In fact, as the trial court duly noted, only an appeal from the denial of the petition was pending.

There is a valid justification for the denial of. the plea by the trial court. It was correctly noted that the exclusive jurisdiction of the federal court has not been involved. It is the adjudication that the party is a bankrupt that is the determining factor, not the petition. 5 Remington on Bankruptcy sec. 2090 (5th ed. 1953), citing *In re Kersten* (E. D. Wis. 1901), 110 Fed. 929. The referee in bankruptcy may adjudicate or dismiss an involuntary petition, 2A Collier on Bankruptcy par. 38.03 (14th ed. 1974), but his decision ordinarily does not stay the action during appeal, *Id.* at par. 39.26.

An appropriate motion should be made, which is not on record here. A stay would only hold the petition in abeyance and certainly not pre-empt state action. If the federal court later accepts jurisdiction, De Gelleke may properly invoke the power to stay local proceedings.

*Question of bad faith.*

The appellant has raised an issue of the bad faith of Anchor and its attorneys in invoking the equity jurisdiction of the circuit court and the bankruptcy court.

The state action is statutory rather than an exercise of the broad equity power. Additionally appellant is in error in its claim that Anchor has been "disqualified from participating in any bankruptcy proceedings" because of "bad faith."

Anchor joined three other creditors in petitioning for the involuntary bankruptcy of De Gelleke. The appellant responded with a motion to dismiss on the basis that there was a want of "good faith" as defined in 11 U. S. Code sec. 546. We note that the "good faith" provision is not equitable with the equity principle of bad faith, as it mainly includes instances where the federal court may decline jurisdiction because of the futility of the proposed action or because of more appropriate remedies elsewhere. The decision of the federal referee also made no mention of this section.

The decision in fact merely stated that Anchor was precluded from joining in the petition. It did not bar Anchor from participating in any future action. Corporate involuntary bankruptcies require the petition of at least three creditors with a total of claims against the debtor of $5,000. 11 U. S. Code sec. 526. Except for the limited qualification provided in 11 U. S. Code sec. 59 (h), a creditor who is participating in a state court remedy which is thereafter cited as an act of bankruptcy is estopped from being a necessary petitioner for the federal remedy. 1 Remington on Bankruptcy sec. 207 (5th ed.

1950). This party is viewed as having elected a remedy and he cannot then request the alternative proceeding. Once the federal court has jurisdiction, however, he may then protect his rights in that exclusive forum. 11 U. S. Code sec. 511.

The dismissal of Anchor was cited by the federal referee as being based on this estoppel. Additionally, the whole petition was dismissed, despite the presence of three other petitioners. Perhaps the requisite monetary amount was then lacking. More likely, as is indicated by the language of the decision, the other petitioners were seen as intertwined with Anchor because all were represented by the same counsel who procured the state receivership. The three creditors have, at any rate, appealed the dismissal. Anchor has not. We see no reason to bar it from proceeding in state court until the appeal is concluded.

Much of De Gelleke's "bad faith" argument was based on a claimed adjudication which factually did not occur. The appellant also finds bad faith by claiming that the sole purpose of Anchor's institution of state proceedings was to thereby establish a proper basis for federal action. The impropriety, if any, consists of participating in a multiplicity of actions to the detriment of the initial remedy. Once that procedural tactic is abandoned, there is no reason to bar completion of the first choice.

We note the inconsistent positions taken by the appellant. In the federal court De Gelleke opposed the involuntary petition on the grounds that there was a state court proceeding pending and a lack of "good faith" in the filing of the petition while in the case at bar De Gelleke argues that the state court should not act because the matter is on appeal in the federal court.

The appellant contends that the trial court "failed to rule" on the plea in abatement. Since this plea was directed to the question of state court proceedings being pre-empted by pending federal court action, which was

discussed in the decision accompanying the order, the assertion is in error.

We conclude that the trial court was correct in overruling the appellant's "Special Appearance and Plea in Abatement."

*By the Court.*—Order affirmed.