In re CLIFFE.

(District Court, E. D. Pennsylvania.   June 2, 1899.)

No. 45.

1. BANKRUPTCY—SUFFICIENCY OF PETITION—WAIVER OF OBJECTIONS.
    A petition in involuntary bankruptcy which alleges, as the act of bankruptcy on which an adjudication is asked, that the debtor suffered creditors to obtain a preference through legal proceedings, is insufficient if it merely follows the words of the statute, without specifying the details of the transaction constituting the preference. But this defect is amendable, and is waived by the respondent if he files a general denial, and demands a trial by jury.

2. SAME—ACTS OF BANKRUPTCY—SUFFERING PREFERENCE.
    Under Bankruptcy Act 1898, § 3, cl. 3, providing that it shall be an act of bankruptcy if a debtor shall have "suffered or permitted, while in-

solvent, any creditor to obtain a preference through legal proceedings," and has not vacated or discharged such preference "at least five days before a sale or final disposition of any property affected," where suit is brought against an insolvent debtor, and he makes no defense, and judgment is rendered against him, and execution issued and levied on his goods, and he allows a sale thereunder to be made without applying to be adjudged bankrupt, he commits an act of bankruptcy.

In Bankruptcy. On motion for new trial.

Andrew W. Crawford. for petitioning creditors.
John S. Freeman, for the bankrupt.

McPHERSON, District Judge. The petition avers that Walter R. Cliffe is insolvent, and charges as an act of bankruptcy that "on the 27th day of January, 1899, [he] suffered, while insolvent, other creditors to obtain a preference through legal proceedings, and not having at least five days before sale or final disposition of his property affected by such preference vacated such preference." Suits had been brought against him, upon which judgments had been obtained shortly before the petition was presented, followed by executions and a sheriff's sale of his personal property. He made no defense to the suits, and allowed the sale to be held without applying to be adjudged a bankrupt. He answered the petition, denying "that he had committed the act of bankruptcy set forth in said petition," averring "that he should not be declared bankrupt for any cause in said petition alleged," and demanding "that the same may be inquired of by a jury." At the trial he objected orally to the insufficiency of the petition, but his objection was overruled, and the jury were instructed that he had committed an act of bankruptcy if he was insolvent at the time the executions were issued. His answer did not aver that he was solvent when the executions were levied, and it may be that his silence upon this point was equivalent to an admission of insolvency. Nevertheless, the question of insolvency was treated as a disputed question of fact, and to this issue the evidence was almost exclusively directed. The jury found the fact against him, and he now asks for a new trial, mainly on the ground that the petition is insufficient, because it does not specify the details of the preference charged. This would have been a good objection if it had been made in season, either by a motion to dismiss the petition or by the answer. But, as the defect is clearly amendable, the objection was too late at the trial, and is too late now. It was waived by demanding an issue on the merits, and requiring the petitioning creditors to prepare for trial on the disputed facts. The bankrupt's failure to vacate the preference obtained by the levy brings the case within the principle of In re Moyer, 8 Pa. Dist. R. 214, 93 Fed. 188. The motion for a new trial is refused, and judgment for the plaintiffs in the issue will be entered on the verdict. It is also ordered that Walter R. Cliffe be adjudged a bankrupt.