In re EVERYBODY'S GROCERY & MEAT MARKET.

(District Court, D. Oklahoma.  July, 1908.)

1. BANKRUPTCY (§ 81*) — INVOLUNTARY PROCEEDINGS — PARTNERSHIP—REQUI-
    SITES OF PETITION.
      In a petition in involuntary bankruptcy against a partnership only, it is
    not necessary to allege the insolvency of the individual partners, nor that
    the solvent partners, if any, consent to the adjudication.
      [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 81.*]

2. BANKRUPTCY (§ 69*)—PARTNERSHIP—"PERSON."
      A partnership is a "person" in the sense in which that term is used in
    the federal bankruptcy act (Act Cong. July 1, 1898, c. 541, § 1, subd. 15,
    30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]).
      [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 69.*
      For other definitions, see Words and Phrases, vol. 6, pp. 5322–5335, vol.
    8, p. 7752.]

In the matter of Everybody's Grocery & Meat Market, alleged bank-
rupt.  On demurrer to petition.  Demurrer overruled.

F. L. McCain, for creditors.
N. A. Gibson, for defendant.

CAMPBELL, District Judge.  The bankrupt demurs to the petition
in involuntary bankruptcy filed herein, for the reason, first, that it does
not state facts sufficient to give this court jurisdiction of this cause;
and, second, because it does not state facts sufficient to constitute a
cause of action.  It is urged in argument that the petition is fatally
defective in that it does not state that the individual partners of the
alleged bankrupt are also insolvent, or that such of the members as
are solvent consent to the adjudication of the partnership as a bank-
rupt.

The acts of bankruptcy charged in the petition are, first, that they did
on the 1st day of June, 1908, while insolvent, pay to the Hale-Halsell
Grocery Company the sum of $100, with intent to prefer said grocery
company over their other creditors; and, second, that on the 7th
day of June, 1908, the bankrupt transferred and conveyed all of
its assets to one W. F. Vandever, with intent to hinder and delay its
creditors.  It is further alleged that said Everybody's Grocery & Meat
Market is insolvent.

The first act of bankruptcy alleged comes within subdivision 2 of
section 3 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 546
[U. S. Comp. St. 1901, p. 3422]); the second act alleged comes within
subdivision 1 of said section 3.  If the bankrupt were an individual,
it seems clear the allegations of the petition would be sufficient.  Being
a partnership, is it necessary that the petition should also state that
each individual partner is insolvent?  Since the case of In re Berten-
shaw, 19 Am. Bankr. Rep. 589, 157 Fed. 363, 85 C. C. A. 61, 17 L.
R. A. (N. S.) 886, decided by the Circuit Court of Appeals for this cir-
cuit, it is established as the law of this circuit that a partnership is in-
solvent if the partnership property is insufficient to pay the partner-

ship debts, because it is a "person" in the sense in which that term is used in the act, and because any "person" is insolvent, in contemplation of the bankruptcy act, whose property, at a fair valuation is insufficient to pay his debts. The partnership is considered as an entity, separate and distinct from the individual members composing it, and as said by the court in the Bertenshaw Case:

"The only test was that declared by the act itself, the insufficiency of the property of the person, the partnership, to pay the persons, the partnership's debts."

The adjudication of the partnership and the administration of the partnership property in bankruptcy in no way affects the remedy which partnership creditors have against the individual partners for so much of the firm indebtedness as exceeds partnership assets. As said by the Circuit Court of Appeals in the Bertenshaw Case:

"Under this act, the partnership may make an assignment or commit some other act of bankruptcy and be adjudged a bankrupt, while many of its members are solvent and cannot be so adjudged. * * * The creditors of the partnership may subject the individual property of the unadjudicated partners to the payment of their debts before, during, or after the bankruptcy proceedings, by actions at law, by suits in equity, or other proceedings, just as they may the property of indorsers upon the commercial paper of the firm, or the property of sureties, for its obligations."

It was not, therefore, necessary for the petitioning creditors in this case to allege the insolvency of the individual partners.

Is it necessary that the petition should allege that the solvent partners of said concern, if any, consent to the adjudication? Section 5h of the bankruptcy act provides:

"In the event of one or more but not all of the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudicated bankrupt; but such partner or partners not adjudicated bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for interest of the partner or partners adjudicated bankrupt."

In the Bertenshaw Case, supra, the court say, in reference to the foregoing clause:

"The interpretation of this clause, therefore, is that where a partnership has committed an act of bankruptcy, and where it has been adjudged bankrupt, as well as where it has not, and one or more but not all of its members have been adjudged bankrupts, the partnership may not be administered in bankruptcy without the consent of the partner or partners who were not adjudged bankrupts."

It will be seen that, as viewed by the court in the case cited, this clause has reference to cases where one or more but not all of the members of a partnership are adjudged bankrupts, either with or without the adjudication of the partnership. It further appears that it is the administration of the partnership assets, rather than the adjudication, that is made to depend upon the consent of the solvent members of the partnership.

In this case it is sought only to adjudge the partnership a bankrupt, and no proceedings are instituted against any of the individual members of the partnership. It is held that it is not necessary that the con-

sent of the solvent members of the partnership, if any, in this case should be alleged in the petition as a prerequisite to adjudication.

It follows that the demurrer must be overruled, and it is so ordered.