### In re DEER CREEK WATER & WATER POWER CO.

(District Court, M. D. Pennsylvania. February, 1913.)

**1.** BANKRUPTCY (§ 81*)—INVOLUNTARY PETITION—ACTS OF BANKRUPTCY—LANGUAGE OF STATUTE.

It is not sufficient, in an involuntary bankruptcy petition, to charge the acts of bankruptcy in the language of the statute.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 113–118, 125; Dec. Dig. § 81.*]

**2.** BANKRUPTCY (§ 59*)—PETITION—ACTS OF BANKRUPTCY.

Mere sufferance by a creditor of a bankrupt to enforce by execution a mortgage lien antedating more than four months the filing of the bankruptcy petition, on which judgment had been recovered, does not constitute an act of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 81, 82; Dec. Dig. § 59.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Bankruptcy. In the matter of bankruptcy proceedings of the Deer Creek Water & Water Power Company. On demurrer to petition. Sustained.

James J. Logan, of York, Pa., for petitioners.
Charles A. Hawkins, of York, Pa., for demurrer.

WITMER, District Judge. This is a demurrer to the petition of certain creditors, praying that the Deer Creek Water & Water Power Company be adjudicated a bankrupt. The allegations of the petition will be accepted as verity, and from it we learn that the Deer Creek Water Company is a Pennsylvania corporation and may be adjudicated an involuntary bankrupt. The company is insolvent, and whether the acts charged in the petition constitute acts of bankruptcy is brought here by this demurrer.

It is stated:

"That in November, 1912, Fred W. Logan, a creditor, holding a judgment which had been recovered against said company and had been a lien junior to said mortgage lien [referring to a mortgage securing bond issue of $15,000] for more than four months prior to the date of the filing of this petition, caused the real estate of the company, held in fee, to be sold by the sheriff of York county, which real estate was bought at said sheriff's sale by the said James S. Caldwell for the sum of $200, or thereabouts."

Following the statement of these facts, numerous conclusions and deductions are stated, whereby acts of bankruptcy are charged as defined in clauses 1, 2, and 3, section 3a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]).

[1, 2] It is not sufficient to charge acts of bankruptcy in the language of the statute. In re Cliffe (D. C., Pa.) 2 Am. Bankr. Rep. 317, 94 Fed. 354; In re Bellah (D. C., Del.) 8 Am. Bankr. Rep. 310, 116 Fed. 69; In re Nelson (D. C., Wis.) 2 Am. Bankr. Rep. 556, 98 Fed. 76; In re Blumberg (D. C., Pa.) 13 Am. Bankr. Rep. 343, 133 Fed. 845. And the facts appearing from the petition showing sufferance of the enforcement by execution of a lien antedating four months the filing of the petition do not constitute or amount to such. Spike & Iron Co. v. Allen (C. C. A., 4th Cir.) 17 Am. Bankr. Rep. 583, 148 Fed. 657, 78 C. C. A. 389; Metcalf Bros. & Co. v. Barker, 9 Am. Bankr. Rep. 36, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; Pickens v. Roy, 9 Am. Bankr. Rep. 47, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128.

Preference by legal proceedings, contemplated by Bankr. Act, § 3a (3), does not include a levy upon a judgment of foreclosure of a lien which affects only the property bound by the lien. Loveland on Bankruptcy (2d Ed.) 167, note 95.

The demurrer is sustained, and the petition is dismissed.