MEEK v. CENTRE COUNTY BANKING CO. et al. DALE v. SAME. BREEZE v. SAME.*

(Circuit Court of Appeals, Third Circuit. August 20, 1923.)

Nos. 2945, 2946, 2971.

1. **Bankruptcy ⬅=44, 46—Voluntary proceeding may be instituted for partnership by single partner; nonjoining partners may resist petition.**

Under Bankr. Act 1898, §§ 5a and 5c (Comp. St. § 9589), and General Order No. 8 (89 Fed. vi, 32 C. C. A. vi), promulgated by the Supreme Court, pursuant to section 30 (section 9614) a voluntary petition to have a partnership and its members adjudged bankrupt may be filed by one of the partners; but those not joining in it may resist it, as they might a petition by a creditor.

2. **Bankruptcy ⬅=42—Partnership may be adjudged bankrupt though deceased partner's estate is in probate.**

That the estate of a deceased partner is being administered in probate does not prevent the adjudication and administration of the partnership in bankruptcy.

Petitions to Revise from the District Court of the United States for the Middle District of Pennsylvania in Bankruptcy; Charles B. Witmer, Judge.

In the matter of the Centre County Banking Company, a partnership, and another, bankrupts. Separate petitions of George R. Meek, Florence F. Dale, and Andrew Breeze to dismiss a petition in bankruptcy filed by John M. Shugert in his own name and in the name of the Centre County Banking Company, a partnership, were denied, and petitioners petition to revise. Affirmed.

Mortimer C. Rhone, of Williamsport, Pa., R. L. Bigelow, of Hazleton, Pa., and Harry Keller and Ellis L. Orvis, both of Bellefonte, Pa., for petitioners.

S. D. Gettig and N. B. Spangler, both of Bellefonte, Pa., for respondents.

Before BUFFINGTON and DAVIS, Circuit Judges, and McKEE-HAN, District Judge.

DAVIS, Circuit Judge. All three of these cases were argued together. The same questions arise in each, and they will be disposed of in one opinion.

John M. Shugert, George R. Meek, Mary C. Harris, Florence F. Dale, Andrew Breeze, and Lavina Katherine Harris conducted a banking business at Bellefonte, Pa., under the firm name of Centre County Banking Company. Lavina Katherine Harris died, and while her estate was being administered in the orphans' court of Centre county, John M. Shugert filed a petition in his own name and in the name of the partnership, in which he alleged that he individually, the partnership, and his partners were all insolvent, and prayed that he, the partnership, and the partners, individually be adjudged bankrupts. After the service of subpœnas on all the partners personally except Andrew Breeze, who was served by publication, the appellants filed petitions praying the

court to dismiss Shugert's petition in bankruptcy for two reasons: First, Shugert was without authority, without consent of his partners, to have the partnership and the individual members thereof adjudicated bankrupts; and, second, the partnership cannot be adjudicated a bankrupt because the estate of Lavina Katherine Harris, constituting part of the partnership estate, was being administered in the orphans' court of Centre county. Authority of one partner to institute proceedings in bankruptcy involving his partners individually and the partnership was conferred by section 36 of the Act of 1867 (14 Stat. 534), but this authority, they contend, was omitted from the Act of 1898 (Comp. St. §§ 9585, 9656), and this omission shows that Congress intended to repeal the authority granted in that section. But sections 5a and 5c of the Act of 1898 (Comp. St. § 9589) provides that—

"(a) A partnership, during the continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt. * * *

"(c) The court of bankruptcy which has jurisdiction of one of the partners may have jurisdiction of all the partners and of the administration of the partnership and individual property."

General Order No. 8 (89 Fed. vi, 32 C. C. A. vi) provides that—

"Any member of a partnership, who refuses to join in a petition to have the partnership declared bankrupt, shall be entitled to resist the prayer of the petition in the same manner as if the petition had been filed by a creditor of the partnership, and notice of the filing of the petition shall be given to him in the same manner as provided by law and by these rules in the case of a debtor petitioned against."

Appellants contend that the above section and general order refer to involuntary and not to voluntary petitions in bankruptcy. General Order No. 8 was promulgated by the Supreme Court pursuant to section 30 of the Act of 1898 (Comp. St. § 9614) and had the force of law. This section provides that—

"All necessary rules, forms, and orders as to procedure and for carrying this act into force and effect shall be prescribed, and may be amended from time to time, by the Supreme Court of the United States."

[1] So far as the language of section 5 provides, the adjudication against a partnership may be based on either a voluntary or involuntary petition. The appellants admit that an adjudication may be based on an involuntary petition, but not on a voluntary petition filed by one of the partners. Under the authority of section 36 of the Act of 1867, a voluntary petition might be filed by "any one" of the partners or by "any creditor" of the partnership. There is nothing in the language of section 5 of the Act of 1898 restricting adjudications to involuntary petitions. It simply provides that "a partnership * * * may be adjudged a bankrupt." Did not Congress in section 5 of the later act tersely include everything contained in section 36 of the earlier act? In the absence of any provision in the Act of 1898 to the contrary, we think the true interpretation requires us to hold that it did. If the Act of 1898 had provided that "a partnership * * * may be adjudged a bankrupt" on the petition of "any creditor," this would have indicated that Congress intended to deny to an individual partner authority to

file a petition against the partnership. In that event, the argument of counsel that expressio unius est exclusio alterius would have force. Under the broad authority conferred by section 5 of the Act of 1898, a petition may be filed by "any one" of the partners, and by "any creditor." The legal maxim on which counsel's argument on this phase of the case is based has no application to the facts before us.

General Order No. 8 provides that "any member of a partnership who refuses to join in the petition * * * shall be entitled to resist the prayer," etc. By the words "join in," the Supreme Court had in mind a voluntary petition filed by a member of the partnership, and this petition is distinguished from a petition filed by a "creditor" in which a member of the partnership would not "join in." Judge Lowell held in the case of In re Forbes et al. (D. C.) 128 Fed. 137, 140, that a petition by one partner dispenses with the necessity of proof of any other act of bankruptcy by the partnership, and if the other partners do not "join in" the petition, they may resist it just as they might have done if "any creditor" of the partnership had filed an involuntary petition. The opinion received the commendation of the Supreme Court. Francis v. McNeal, 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706. Where a partnership is composed of two members and one of the members is adjudicated a bankrupt but the other is not, the bankruptcy court may draw to itself and administer the estate of the other to an extent sufficient to pay the debts of the partnership adjudged to be bankrupt. Armstrong v. Fisher et al., 224 Fed. 97, 139 C. C. A. 653; Francis v. McNeal, 186 Fed. 481, 108 C. C. A. 459, affirmed in 228 U. S. 695, 33 Sup. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706; Yungbluth v. Slipper et al., 185 Fed. 773, 108 C. C. A. 106.

[2] Does the fact that the estate of Lavina Katherine Harris is being administered in the orphans' court of Centre county, Pa., prevent adjudication and administration of the partnership in bankruptcy? "There is an apparent conflict of authority upon this question." Collier on Bankruptcy (12th Ed.) 175. The death of one of the partners does not in any wise affect the insolvency of the partnership. Insolvency does not depend upon whether the property liable to creditors is in the hands of a living surviving partner or in the hands of the administrator of his estate. Proceedings against an insolvent partnership and insolvent partners should not be made impossible because one of the partners is dead. Vaccaro et al. v. Security Bank of Memphis et al., 130 Fed. 436, 442, 43 C. C. A. 279. The contrary view is based on the proposition that the court which first secures possession of the funds shall administer them, but there is no need whatever of conflict over the property of the decedent's estate. Partnership assets are liable primarily for partnership debts. After the individual assets of the estate of Lavina Katherine Harris are administered by the orphans' court, if there is a surplus to be applied to the partnership debts, it will be turned over to the bankruptcy court. In re Stein & Co., 127 Fed. 547, 62 C. C. A. 272.

The order appealed from is affirmed.