## MEEK *v.* CENTRE COUNTY BANKING COMPANY ET AL., BANKRUPTS.

## DALE *v.* CENTRE COUNTY BANKING COMPANY ET AL., BANKRUPTS.

## BREEZE *v.* CENTRE COUNTY BANKING COMPANY ET AL., BANKRUPTS.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

Nos. 590–592.   Motions to dismiss submitted March 10, 1924; argued March 13, 1924.—Decided April 7, 1924.

Where a partner filed a petition to have himself, the partnership, and the other partners declared bankrupt, and died pending review by this Court of orders overruling motions to dismiss the petition in the last two aspects, *Held:*

(1) That § 8 of the Bankruptcy Act, providing that the death of a bankrupt shall not abate the proceedings, was inapplicable to so much of the petition as sought the bankruptcy of the firm and the other partners, they not consenting to such adjudications.   P. 502.

(2) That the question whether the petitioner's right, if any he had, to maintain the petition as against his partners and the partnership, abated with his death or survived to his proper representatives in the property involved, so that the bankruptcy proceeding might be continued in their names, should not be decided *ex parte;* but opportunity to appear in this Court and be heard upon it would be afforded such representatives, before remanding the cause for dismissal as to the partnership and non-consenting partners. P. 503.

Motions to dismiss denied. The opinion below is reported in 292 Fed. 116.

CERTIORARI to orders of the Circuit Court of Appeals which sustained, on petitions to revise, orders of the District Court declining to dismiss a petition in bankruptcy in so far as it sought an adjudication against the above-named petitioners individually or against a partnership of which they and Shugert, (respondent here and petitioner in the District Court,) were the members.

*Mr. Mortimer C. Rhone* and *Mr. Ellis L. Orvis,* with whom *Mr. Harry Keller* was on the brief, for petitioners.

*Mr. Samuel D. Gettig* and *Mr. Newton B. Spangler* for respondents.

MR. JUSTICE SANFORD delivered the opinion of the Court.

These three cases—which were heard together in the Circuit Court of Appeals and are included here in one record—arose out of a petition in bankruptcy filed by the respondent Shugert in a Federal District Court in Pennsylvania. In this petition he alleged that he and the present petitioners, Meek, Dale and Breeze—hereafter called the defendants—were members of a partnership styled the Centre County Banking Company; that the partnership and each of the defendants were insolvent; and that he and the partnership desired to obtain the benefits of the bankruptcy law. He prayed that the partnership and he and the defendants individually be adjudged bankrupt.[1] Subpoenas were issued for the defendants. All appeared and resisted the petition in so far as it sought to have the partnership and themselves

---

[1] The petition combined a " debtors petition " (Form No. 1), a " partnership petition " (Form No. 2), and a petition against the defendants individually. There was no allegation that either the partnership or the defendants had committed an act of bankruptcy.

adjudged bankrupt;[2] and each made a motion to dismiss the petition to that extent upon the grounds, among others, that it was not authorized by the Bankruptcy Act and the court had no jurisdiction under it to adjudge either the partnership or a non-consenting member bankrupt. These motions were denied by the District Court. On petitions by the defendants to revise the orders of the District Court denying their motion, the Circuit Court of Appeals, being of opinion that the petition in bankruptcy was maintainable under § 5 of the Bankruptcy Act and General Order in Bankruptcy No. 8,[3] affirmed the orders of the District Court. 292 Fed. 116. These writs of certiorari were then granted the defendants. 263 U. S. 696.

Shugert thereafter died. And the defendants have moved that the proceeding in bankruptcy be dismissed as to them, both individually and as members of the partnership, on the ground that to that extent it should abate. These motions have been answered by the attorney who formerly represented Shugert, as now representing his "interests," and by an attorney representing a "Creditors' Committee," who insist that under § 8 of the Bankruptcy Act the proceeding in bankruptcy was not abated by Shugert's death and may be continued without making Shugert's personal representative a party. While neither of these attorneys represents any party now before,

---

[2] Two of them denied that they were members of the partnership.

[3] Section 5 of the act provides that "a partnership . . . may be adjudged a bankrupt."

General Order No. 8 provides that: "Any member of a partnership, who refuses to join in a petition to have the partnership declared bankrupt, shall be entitled to resist the prayer of the petition in the same manner as if the petition had been filed by a creditor of the partnership, and notice of the filing of the petition shall be given to him in the same manner as . . . in the case of a debtor petitioned against; and he shall have the right to appear . . . and to make all defenses which any debtor proceeded against is entitled to take by the provisions of the act." 210 U. S., App., 570.

the Court,[4] we treat their answer as the suggestion of *amici curiae*.

Section 8 of the Bankruptcy Act provides that: "The death . . . of a bankrupt shall not abate the proceedings, but the same shall be conducted and concluded in the same manner, so far as possible, as though he had not died." It is clear, however, that, whatever may be the effect of this provision, when construed in the light of § 1a(4) of the act defining the term "bankrupt", it can have no application except to that part of the petition in bankruptcy in which Shugert sought to have himself adjudged a voluntary bankrupt—a matter not in issue under the motions to dismiss and not now before us. Even if one partner may maintain a petition such as this to have the partnership adjudicated a bankrupt—a question not now determined—yet to the extent that it seeks to have the partnership adjudged bankrupt as against non-consenting partners resisting such an adjudication, it is, manifestly, an involuntary proceeding. *Re Murray* (D. C.), 96 Fed. 600, 602. And see *Re Carleton* (D. C.), 115 Fed. 246, 249. In *Medsker* v. *Bonebrake*, 108 U. S. 66, 71, involving a bankruptcy proceeding brought by one partner against another under the Act of 1867, this Court said: "It is not a voluntary bankruptcy if the man is forced into it against his will by his partner, any more than by any one else; and it is compulsory and involuntary if he refuses to join in such case and is forced into it, as much as in any other enforced bankruptcy." And, *a fortiori*, such a petition as this is an involuntary proceeding to the extent that it also seeks to have the non-consenting partners adjudged bankrupt as individuals.

In other words, in so far as Shugert's petition sought not merely to have the partnership adjudged bankrupt as

---

[4] The record does not show that any creditor appeared in the proceeding in the District Court.

against the defendants, but also to have them adjudged as individuals, it was clearly an antagonistic proceeding. To that extent Shugert was not the "bankrupt", but stood in a position analogous to that of a creditor seeking the involuntary adjudication of his debtor. Even in so far as the petition sought to have the partnership adjudged bankrupt, the defendants, as non-consenting partners, were entitled, under the specific provision of General Order No. 8, to make defense "in the same manner as if the petition had been filed by a creditor of the partnership." Note 3, p. 501, *supra.* Such a proceeding, as any other litigated matter, requires adversary parties; and manifestly, in the very nature of things, can only be continued as long as there are adversary parties. In the proceeding in the District Court and in the Circuit Court of Appeals Shugert was the petitioner in the bankruptcy proceeding, affirmatively seeking relief against his partners by subjecting their property to the payment of the partnership debts, and actively engaged in the prosecution of his petition against them. As the cases now stand, however, by reason of his death there is no longer any petitioner seeking the bankruptcy of the firm or of the defendants; no adversary party in so far as the defendants are concerned.

The question whether Shugert's right to maintain the petition in bankruptcy for the purpose of having the partnership and the defendants adjudged bankrupt—if any he had—is one which abated with his death, or one which survives to his proper representatives in the personalty or realty involved so that the bankruptcy proceeding may be continued in their names, is not, however, free from difficulty. It is, so far as we are advised, one of first impression. And it is one which we think should not be determined *ex parte,* if there are any persons claiming to be proper representatives of his interest in the pro-

ceeding who desire to be admitted as parties for the purpose of continuing it in his stead.

Under the circumstances we conclude that we should now deny the motions to dismiss the proceeding; with leave to any persons claiming to be the proper representatives of Shugert's interest to appear in this Court within thirty days from this date, setting forth the capacity in which they so claim, and applying for leave to be admitted as parties for the purpose of continuing the proceeding. If this is done the question whether the proceeding should be dismissed as to the partnership and the defendants or continued as to them by such representatives, will then be determined. But if no one thus appears, these cases will be remanded with instructions to dismiss the proceeding in so far as the petition seeks to have the partnership and the defendants adjudged bankrupt; following, by analogy, the practice established in cases that have become moot. *Heitmuller* v. *Stokes,* 256 U. S. 359, 363; *Harlan* v. *Harlan,* 263 U. S. 681.

The attorneys who filed the answer to the defendants' motion will forthwith give notice of this ruling to the representatives of Shugert's interest in the property involved, and also to not less than three creditors of the partnership; and will, within such thirty days, file with the clerk of this Court a verified return showing to whom such notices were given.

*It is so ordered.*