## In re McCLOSKEY et al.

(District Court, E. D. Pennsylvania. November 9, 1926.)

No. 8497.

Bankruptcy ⟨key⟩44—Partnership may not be adjudged bankrupt on petition filed against it by one of its members; "person" (Bankruptcy Act, § 1 [19], being Comp. St. § 9585).

A partnership is a "person" (Bankruptcy Act, § 1 [19], being Comp. St. § 9585), and like any other person may be adjudged bankrupt only on its own voluntary petition or on an involuntary petition by creditors. It may not be adjudged bankrupt on a petition filed against it by one of its members.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Person.]

In Bankruptcy. In the matter of John L. McCloskey and William C. Harmon, Jr., trading as McCloskey & Harmon, and William C. Harmon, Jr., alleged bankrupts. On motion of John L. McCloskey to dismiss the petition as to him and the partnership. Motion granted.

Blumberg & Sork, of Philadelphia, Pa., for William Harmon.

Fell & Spalding, of Philadelphia, Pa., for McCloskey.

DICKINSON, District Judge. The fact situation here, while perhaps not uncommon, has a rather odd feature. William C. Harmon, Jr., filed a voluntary petition in bankruptcy, averring that he and John L. McCloskey (on whose behalf the present motion is made) were partners, doing business under the firm name of McCloskey & Harmon, and praying in effect that both the firm and the petitioning partner individually be adjudged bankrupts in accordance with the Bankruptcy Law (Comp. St. § 9585 et seq.), and General Order VIII. It is evident that the petition proceeds upon the theory of an existing partnership, and the theory of the motion is that McCloskey is not a partner. The general order contemplates a proceeding against one who is admittedly a partner, but who denies the partnership to be the proper subject of bankruptcy proceedings, and because of this the order grants to him the right and opportunity to defend the firm, and secure, if he can, an adjudication that the firm is not bankrupt. The general thought of this feature of Order VIII is that the nonconsenting partner is accorded precisely the same right to defend against a voluntary petition not signed by him which he would have if the petition had been a petition in involuntary bankruptcy. There is, however, the added right to make any defense "which any debtor proceeded against is entitled to take by the provisions of" the Bankruptcy Act. This makes room for the entrance of the thought that one of the defenses which an alleged bankrupt might set up to a bankruptcy proceeding is that he is not a "debtor," but, on the other hand, this would seem to be granting him a right outside and beyond the rights conferred by the order, because the rights given are restricted to those which "a debtor" would have.

The bankruptcy laws are so imperfectly and so inadequately digested in any available index that one can never be sure by a perusal of the table of contents or index that we have been put on the track of all the provisions pertaining to any special subject of in-quiry, but, so far as we have been advised, the pertinent provisions are those found in section 5 (Comp. St. § 9589). These provisions are to the effect that a partnership, until final settlement of the partnership business, may be adjudicated a bankrupt, that the partnership effects shall be administered as in other cases, and that the court of bankruptcy, which has jurisdiction of one of the partners, shall assume jurisdiction of all and the administration of both "the partnership and individual property." It is further provided that, in the event of some "but not all the members of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the partner or partners not adjudged bankrupt; but such partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit, and account for the interest of the partner or partners adjudged bankrupt." It is thus clear that this legislation contemplates the existence of a partnership in admitted fact, and not the case where there is a denial by one of the alleged partners that he is a partner. The last quotation from the law is likewise evidently based upon the thought that a partnership cannot be insolvent as long as any one of the partners is solvent, but that the individual partners may be insolvent and the partnership itself solvent. It thus further appears that none of these provisions of the law nor the terms of the order directly meet the fact situation here presented.

The defense of McCloskey, in substance, is that Harmon is seeking to drag him into bankruptcy through the subterfuge of asserting that he is a member of the firm of McCloskey & Harmon, when in actual fact he is not such member. McCloskey proceeded at first upon the theory that denial of partnership was a defense, by filing an answer averring that he was not a partner, and upon this question of fact he demanded a trial by jury. After this the decision in the case of Meek v. Shugert was handed down. In accordance with what he believes to be the doctrine of that case, McCloskey now contends that the court is without jurisdiction to adjudge either him or the firm to be bankrupt, and on this ground has moved to have the petition dismissed.

The position of the opposers of the present motion is that the cited case has no application. This takes us to that case. It arose in the Middle District of Pennsylvania. We have been given no reference to the opinion of the trial court, but have been referred to the review of the judgment reached and the

opinion of the Circuit Court of Appeals therein in 292 F. 116. From this we learn that separate motions had been made by George R. Meek and others to dismiss a petition in bankruptcy which had been "filed by John M. Shugert in his own name and in the name of the Centre County Banking Company, a partnership." The court below had denied the motion to dismiss. The Circuit Court of Appeals affirmed the action of the lower court. The motion to dismiss was upon the two grounds that Shugert was without authority "without consent of his partners" to file a petition to have the partnership and the individual members adjudged bankrupts, and another ground with which we are not at present concerned. The argument addressed to the court was in part that authority had been given by the act of 1867 (14 Stat. 517) to one partner to institute proceedings in bankruptcy against the partnership and the individual partners, but that this provision had been omitted from the act of 1898, from which the inference was drawn that the power expressly given by the earlier act had been repealed. The position was further taken that the sections of the bankruptcy law and the general order, which we have quoted above, referred to involuntary and not to voluntary proceedings. The Circuit Court of Appeals declined to accept this view but held to the contrary. It is to be noted, however, that there was no denial of the fact of the partnership on the part of those who moved to dismiss the petition. The case reached the Supreme Court, and was disposed of in opinions in 264 U. S. 499, 44 S. Ct. 366, 68 L. Ed. 811, and 268 U. S. 426, 45 S. Ct. 560, 69 L. Ed. 1028. The two dispositions of the case arose out of the fact that the same case was before the court at different stages. The fact situation was complicated by the death of Shugert which left the proceeding without any one upon the record to represent it in so far as it might be regarded as a proceeding in involuntary bankruptcy as against the non-consenting partners. The Supreme Court met this, however, by a very practical order, and the question which now concerns us was later re-presented to the court and decided. It is clear that the court disposed of the case on the basis of the admitted fact that those seeking to have the proceedings dismissed were partners. We state this notwithstanding a marginal note to the report of the opinion that two of the petitioners to dismiss denied their membership in the firm. The decree of the Circuit Court of Appeals was reversed, and the cause remanded to the District Court, with directions to "dismiss the petition as against the partnership" and the individuals, without distinguishing those who admittedly were members of the partnership and those who denied membership.

As we understand the doctrine of this case, it is based upon the thought that partnerships being defined to be persons within the meaning of the Bankruptcy Act, the provisions of the act respecting the persons who might be adjudged bankrupts and the manner in which they could be so adjudged applied, and that as against partnerships as other persons bankruptcy proceedings must be one of two kinds. One is based upon a voluntary petition, and the other upon the petition of creditors. This thought was followed to its conclusion "that there is no authority under the act to adjudge a partnership bankrupt except upon its own voluntary petition or upon an involuntary petition filed against it by creditors, and none to make such an adjudication upon a petition filed against it by one of its members." It seems to us this is conclusive of the argument.

We are unable to get into accord with the counsel supporting the proceedings in the instant case that it may be distinguished from the above-cited case on the ground that, in the cited case, Shugert, who signed the petition, either signed it merely as an individual and did not attach the firm's signature nor assumed to be acting for the firm, and that the only reference in the petition to an adjudication against the firm was the incidental and casual reference to the desire of the firm to be adjudged a bankrupt. We assume counsel, in making this statement, made it after an examination of the original petition, and we do not question the accuracy of the statement made. We do not see, however, that this fact, even if it be one, affects the authoritative ruling to which we have referred, because it is clear that both the Circuit Court of Appeals and the Supreme Court disposed of the case, understanding or assuming that the petition of Shugert was both by him and in the name of the firm acting by and through him. As we read the opinions accompanying the rulings of the Circuit Court of Appeals and the Supreme Court, the latter, with a clarity which leaves room for no doubt, lays down the flat doctrine that no person can be adjudged a bankrupt except either upon his own petition or that of the required number of creditors as provided in the Bankruptcy Act.

An appropriate order dismissing the petition in bankruptcy as against McCloskey and the partnership may be submitted.