## MEEK v. BEEZER et al.*

## BEEZER et al. v. BEEZER et al.

Circuit Court of Appeals, Third Circuit. August 18, 1928.

Nos. 3657, 3658.

*Certiorari denied 49 S. Ct. ——, 73 L. Ed. ——.

344

Mortimer C. Rhone, of Williamsport, Pa., and Ellis L. Orvis and Arthur C. Dale, both of Bellefonte, Pa., for appellants.

John G. Love, of Bellefonte, Pa., and George Ross Hull and Snyder, Miller & Hull, all of Harrisburg, Pa., for appellees.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. These are appeals from an order of the District Court overruling motions to dismiss the amended petition in bankruptcy against the copartnership of the Center County Banking Company, which at the time the petition was filed was composed of George R. Meek, Florence F. Dale, Andrew G. C. Breeze, Mary C. Harris, John M. Shugert, and the estate of Lavinia Catherine Harris, deceased. Mary C. Harris and John M. Shugert, who subsequently died, were adjudicated bankrupts on their voluntary petitions.

Counsel for appellees filed a motion to dismiss the appeal on the ground that 10 days' notice of the time of presentation, accompanied by a copy of the petition, was not given to opposing counsel, as required by section 8 of Rule 14 of this court.

The appellant contends that the amendment of 1926 to section 24 of the act (11 USCA § 47) invalidates this rule, and that "as the law now stands, Congress has allowed thirty (30) full days in which to file petitions to revise bankruptcy orders in the Circuit Court of Appeals" and inferentially without notice. Whether or not this contention is tenable may be questioned; but in any event the rule provides that the 10 days' notice of the time of presentation may be waived. Judge Woolley allowed the petition to revise within 30 days after the order complained of was entered, without requiring that the 10 days' notice be given, and thus waived this requirement. Consequently the questions raised by the petitions are before us on their merits, and the motion to dismiss is denied.

A petition was filed on June 30, 1922, against the Center County Banking Company, on which it was adjudged a bankrupt. On appeal to this court the decree was affirmed. 292 F. 116. The Supreme Court, however, reversed this court for want of proper parties. 264 U. S. 499, 44 S. Ct. 366, 68 L. Ed. 811.

After the case had been reversed, the common pleas court of Center county, on November 28, 1925, appointed John S. Ginter, John S. Dale, and Reed O. Steeley receivers of the Center County Banking Company, thus putting them in charge of its property under the laws of the commonwealth of Pennsylvania. On February 23, 1926, an involuntary petition in bankruptcy was filed against the banking company and the partners (except Mary C. Harris and John M. Shugert, who, as before stated, were adjudicated bankrupts), in which it was alleged that the partnership had within four months committed an act of bankruptcy, in that, "because of insolvency, receivers were put in charge of the property of the said copartnership, the Center County Banking Company, under the laws of the commonwealth of Pennsylvania, by decree of the court of common pleas of Center county, Pennsylvania," and that the partnership and partners were insolvent. Section 3a (4) of the Bankruptcy Act, 11 USCA § 21a (4). Thereupon, on March 12, 1926, the receivers appointed by the state court were, on their petition, granted permission to intervene. On the same day George R. Meek, Florence F. Dale, and Andrew G. C. Breeze, partners, appeared specially and filed motion to dismiss the petition in bankruptcy. This motion was undisposed of, and on March 26, 1927, an amended petition in bankruptcy was filed. Again Meek and his partners filed a motion to dismiss the amended petition, and assigned the same reasons which they had before assigned to dismiss the original petition, together with others. John S. Ginter, John S. Dale, and Reed O. Steeley, the receivers, also filed a motion to dismiss the petition. The court considered seriatim the reasons given as to why the petition should be dismissed, and overruled both motions.

An appeal was taken to this court, in which, among other things, it is urged that the amended petition should have been dismissed, because the decree appointing receivers in the state court was not attached to it. It is necessary to attach the decree to the petition, appellants say, for a receiver may be put in charge of the property of a partnership because of the death of a

partner, without any reference whatever to its insolvency, in order to wind up the partnership; that the appointment of a receiver for such purpose is not an act of bankruptcy, and will not support a petition. In other words, they say that the appointment of a receiver by the state court must be because of insolvency, which alone will justify the filing of a petition in bankruptcy, and it is therefore necessary to attach the decree of the state court to the petition in bankruptcy, so as to show affirmatively that receivers were put in charge of the property because of insolvency, and not because of some other reason.

■ The appellants correctly aver that the burden of proof is upon the petitioning creditors to allege and prove insolvency, where the act of bankruptcy charged is the appointment of receivers by a state court. If the act of bankruptcy relied upon is that, because of insolvency, a receiver has been put in charge of the property of the partnership under the laws of a state, it is necessary that the application for receivership allege that fact, for it is immaterial that a receiver is appointed to wind up the partnership for a cause other than insolvency.

The original petition alleged that the partnership and partners owed debts to the amount of $1,000 and over, and were insolvent, and were not wage-earners or engaged principally in farming or tillage of the soil. The amended petition averred "that the said copartnership is insolvent and owes debts to the amount of one thousand ($1,-000) dollars and more." Nowhere are these statements denied by the appellants. The answer of John Blanchard and Sara C. Brown, executors of the estate of Lavinia Catherine Harris, expressly admitted the truth of these allegations. The receivers, in their petition to intervene in these proceedings, made the vague assertion that the assets of the banking partnership consisted of money in bank on deposit, accounts of bills receivable, the bank building, and other real estate, stocks, and bonds, and other valuable collateral, the value of which was large, and could not at that time be determined. Whatever inferences it was intended should be drawn from this statement, it cannot be said to be a denial of insolvency.

■ It is the function of this court to review the alleged errors of the District Court, which were properly brought to its attention. Neither in the motion to dismiss the original petition, nor in the motion to dismiss the amended petition, did the appellants urge that either petition was defective because a copy of the decree appointing receivers by the state court was not attached thereto. The question was raised for the first time in the assignments of error to this court. We think that it would be unfair to the District Judge to reverse him on a question not raised before him, and on which he had never had an opportunity to pass. Consequently the failure to attach a copy of the decree to the amended petition may not be made the ground for reversal here. Wyss-Thalman v. Maryland Casualty Co. of Baltimore (C. C. A.) 193 F. 53; Michigan Ins. Bank v. Eldred, 143 U. S. 293, 12 S. Ct. 450, 36 L. Ed. 162; Monument Pottery Co. v. Imperial Coal Corporation (C. C. A.) 21 F.(2d) 683; Blisse v. United States (C. C. A.) 263 F. 961; O'Connell et al. v. United States, 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827.

■ Section 3a (4) of the act provides that a person commits an act of bankruptcy, if "because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state." In order, therefore, to constitute an act of bankruptcy by the partnership, the receiver must have been appointed and put in charge of the partnership property by the state court on the ground of insolvency as defined in the Bankruptcy Act. In re Douglas Coal & Coke Co. (D. C.) 131 F. 769, 779; In re Spalding (C. C. A.) 139 F. 244. Within the meaning of that act, a person is insolvent when the aggregate of his property is, at a fair valuation, not sufficient in amount to pay his debts. Section 1 (15) of the Bankruptcy Act (11 USCA § 1[15]); In re Edward Ellsworth Co. (D. C.) 173 F. 699; In re Wm. S. Butler & Co., Inc. (C. C. A.) 207 F. 706; Maplecroft Mills v. Childs et al. (C. C. A.) 226 F. 415. In the absence of anything to the contrary, when insolvency is alleged in a petition in bankruptcy, it is used as defined in the act.

Did the petition sufficiently allege the insolvency of the partnership as the ground for the appointment of receivers in the state court? As above stated, the amended petition averred "that the said copartnership is insolvent and owes debts to the amount of one thousand ($1,000) dollars and more"; that "George R. Meek, Florence F. Dale, Andrew G. C. Breeze, Mary C. Harris, John M. Shugert, and the estate of Lavinia Catherine Harris, deceased, composing the partnership firm of the Center County Banking Company, is insolvent,

and that within four months next preceding the date of the filing of the involuntary petition in this matter * * * the said partnership committed an act of bankruptcy as follows, to wit: Because of insolvency, receivers have been put in charge of its property, under the laws of the commonwealth of Pennsylvania, by a decree of the court of common pleas of Center county, sitting in equity, to No. 1 September term, 1925; said decree being dated November 28, 1925."

■■ Section 3a of the act pursuant to which this petition was filed contains five subdivisions. Nos. (1), (2), and (3) relate to the actions of the bankrupt through which preferences have been secured. No. (4) refers to the making of assignment for the benefit of creditors and to the commission of an act of bankruptcy by a debtor, in that "because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state." Allegations in the mere words of the statute are generally insufficient. In re Cliffe (D. C.) 94 F. 354; In re Bellah (D. C.) 116 F. 69; In re Deer Creek Water Co. (D. C.) 205 F. 205; In re Condon (C. C. A.) 209 F. 800. This is true in cases where the words of the statute themselves do not fully and directly set forth with certainty the elements constituting the offense under the statute. With reference to section 3a (1), (2), and (3), it is evident that a petition containing allegations in the mere words of the act would be insufficient, because they would not apprise the respondent of the particular facts which he might desire to controvert. In such case, it is necessary to plead the ultimate facts, but not the evidence by which they are to be proved. United States v. Carll, 105 U. S. 611, 26 L. Ed. 1135. But with reference to class 3a (4), with which we are here concerned, the statutory words cannot well be amplified without pleading mere evidentiary facts. Doyle-Kidd Dry Goods Co. et al. v. Sadler-Lusk Trading Co. (D. C.) 206 F. 813; 1 Remington on Bankruptcy (3d Ed.) § 280. The amended petition expressly alleged that "because of insolvency, receivers have been put in charge of its property under the laws of the commonwealth of Pennsylvania."

■ In his motion to dismiss, George R. Meek, one of the partners and an appellant, says the decree appointing receivers in the state court "was made by the said court without any adjudication as to whether the said partnership was solvent or insolvent." On a petition for the appointment of a receiver, alleging insolvency, it will be presumed that a decree appointing the receiver was based on insolvency, though it is not expressly so stated therein, and parol evidence is inadmissible to show that the decree was based on other grounds. Doyle-Kidd Dry Goods Co. et al. v. Sadler-Lusk Trading Co., supra.

The appellants argue that the receivers were put in charge of the property of the partnership for the purpose of dissolving it. But the learned District Judge in his opinion said that:

"There is nothing on record to show that the appointment of the receivers by the court of common pleas of Center county was for the mere purpose of dissolving the copartnership; the petition in bankruptcy alleges that the appointment of receivers was because of insolvency."

We think that the petition sufficiently alleged that the receivers were put in charge of the property of the partnership because of insolvency, and that on the merits, as well as technically, it was not necessary to attach a copy of the decree of the state court to the petition.

■ The appellants next contend that the District Court was without jurisdiction to entertain the petition after the death of two of the partners. This contention was made in the case of Meek v. Centre County Banking Co., 292 F. 116, and we there overruled it. The case was reversed by the Supreme Court (264 U. S. 499, 44 S. Ct. 366, 68 L. Ed. 811) on another point, and left this question undecided. We see no reason to change our opinion, though "there is an apparent conflict of authority upon this question." Collier on Bankruptcy (12th Ed.) p. 175.

Section 5a of the act provides that "a partnership, during the continuation of the partnership business, or after its dissolution and before the final settlement thereof, may be adjudged a bankrupt." 11 USCA § 23 (a). This provision was not in the act of 1867, and so most of the cases holding that a partnership may not be adjudicated a bankrupt after the death of a partner arose under that act. In re E. W. Adams & Co. (D. C.) 283 F. 431; In re Lomont et al. (D. C.) 9 F.(2d) 407. By the Uniform Partnership Act of Pennsylvania of March 26, 1915 (P. L. 18; Pa. St. 1920, § 16626), the "dissolution [of a partnership] is caused * * * (4) by the death of any partner." The death of a partner usually dissolves a partnership, unless there

is a provision in the partnership agreement to the contrary. But the Congress, knowing this fact, did not except a partnership, dissolved by the death of a partner, from the general provision of section 5a. The act treats a partnership as a legal entity, regardless of the individual rights of the partners. Section 5f provides that the net proceeds of the partnership property shall be appropriated to the payment of the partnership debts, and the net proceeds of the individual estate of each partner to the payment of his individual debts.

After the individual estates of the deceased partners have been administered in the orphans' court, the surplus, if any, may be turned over to the bankruptcy court and applied to the partnership debts. No constitutional inhibition has been suggested to this procedure, and the rules of comity between state and federal courts are not violated by it. In re Wells (D. C.) 298 F. 109; In re Lomont et al., supra. The manifest purpose of the Bankruptcy Act is to include within its operation partnerships dissolved by the death of a partner, and we see no reason why this purpose should not have its full effect.

Appellants say that, since the amended petition does not allege that the individual members composing the partnership are insolvent, as well as the partnership, the petitions should have been dismissed. The cases of Vaccaro v. Security Bank of Memphis et al. (C. C. A.) 103 F. 436, In re Perlhefter (D. C.) 177 F. 299, and In re R. F. Duke & Son (D. C.) 199 F. 199, hold that the petition must allege that the individuals, as well as the firm, are insolvent; but the cases of In re Bertenshaw (C. C. A.) 157 F. 363, 17 L. R. A. (N. S.) 886, 13 Ann. Cas. 986, In re Everybody's Market (D. C.) 173 F. 492, and Houghton Wool Co. v. Morris (C. C. A.) 249 F. 434, hold that it is not necessary to allege that the partners, in addition to the partnership, are insolvent.

Both parties cite the case of Francis v. McNeal, 228 U. S. 695, 33 S. Ct. 701, 57 L. Ed. 1029, L. R. A. 1915E, 706, as supporting their contention. The question in that case was whether partnership debts were debts of the partners also. The court held that the "partnership debts are debts of the members of the firm, and that the individual liability of the members is not collateral, like that of a surety, but primary and direct. * * * The nature of the liability is determined by the common law, not by the possible intervention of the

Bankruptcy Act. Therefore ordinarily it would be impossible that a firm should be insolvent while the members of it remained able to pay its debts with money available for that end. A judgment could be got and the partnership debt satisfied on execution out of the individual estates." It would, therefore, seem that the allegation that the partnership was insolvent by necessary implication included the partners also. "It would seem, on principle, that the allegation that the debtor proceeded against, namely, the partnership, is insolvent, should be all that would be requisite, and that the further question of the insolvency of the individual members would relate merely to the proof as to whether or not the debtor, the partnership, was in fact insolvent." 1 Remington on Bankruptcy (3d Ed.) § 272. While it may be the best form of pleading to allege that the partners are insolvent, as well as the partnership, yet it is not necessary.

When all the facts surrounding this case are considered, we cannot agree with the appellants that the petitioners are estopped by laches.

The decree of the District Court is affirmed.