## In re LIPPINCOTT & CO., Inc.
### No. 987.

District Court, D. Delaware.
July 3, 1933.

Harry Rubenstein, of Wilmington, Del., for petitioning creditors.

James H. Hughes, Jr. (of Ward & Gray), of Wilmington, Del., for certain creditors.

Paul Leahy, of Wilmington, Del., for alleged bankrupt.

NIELDS, District Judge.

Boycraft, Inc., Glenn Riddle Mills, and Fleischer Coat Co., Inc., three creditors of Lippincott & Co., Incorporated, a Delaware corporation, holding claims aggregating $545.18, filed their petition in this court April 29, 1933, alleging an act of bankruptcy, "in that it did consent to the appointment of receivers in the Court of Chancery of the State of Delaware." The petition is verified by Stewart Lynch as attorney in fact for each petitioning creditor. The verification states that the facts therein "so far as they relate to his own act and deed are true, and so far as they relate to the act and deed of any other person, he believes them to be true."

The alleged bankrupt and certain creditors have appeared and moved to dismiss the involuntary petition on the ground (1) that the petition does not allege and state an act of bankruptcy, and (2) that the verification is improper and insufficient. Verification upon belief is insufficient. In re Bellah (D. C.) 116 F. 69; Sabin v. Blake-McFall Co. (C. C. A.) 223 F. 501. The petitioning creditors ask leave to file an amended petition properly verified. Should leave to amend be granted? While it is within the discretion of the court to allow such an amendment, leave will not be granted unless the ends of justice will be promoted thereby. Woolford v. Diamond State Steel Co. (D. C.) 138 F. 582; In re Refund Cash Grocery (D. C.) 30 F.(2d) 158. No proof has been offered to sustain the application. On the contrary, it appears that the alleged bankrupt operated a large department store in Wilmington, Del., and in February last receivers were appointed by the Court of Chancery of this state to operate the store and liquidate its assets. This liquidation is now completed, with the exception of the sale of accounts receivable of doubtful value, store fixtures, and certain parcels of real estate. This court assumes the state court receivers will properly dispose of the above assets of the company and make distribution under the order of the chancellor. Approximately 550 creditors, including the three petitioners, have filed their proofs of claim in the receivership proceeding. There is no suggestion of any act of omission or commission on the part of the state court receivers detrimental to the interest of creditors. The bankruptcy petition alleges no priorities or preferences that may be set aside or voided. If the administration of the estate is now transferred to this court, it will entail additional fees and costs. The intervention of this court will not benefit the estate. I can perceive no possible advantage to the creditors from the prosecution of the bankruptcy proceedings.

An order denying leave to amend and dismissing the involuntary petition may be presented.