**BLUE VALLEY CREAMERY CO. et al. v. STONE.**

**SAME v. STEINER.**

**Nos. 5724, 5725.**

**Circuit Court of Appeals, Third Circuit.**

**Nov. 7, 1935.**

Leo Blumberg and Gross & Gross, all of Jersey City, N. J., for appellants.

Milton M. Unger, of Newark, N. J. (Louis C. Selenfriend, of Newark, N. J., of counsel), for appellee Stone.

Joseph Steiner, of Newark, N. J., pro se, for appellee Steiner.

Before BUFFINGTON and THOMPSON, Circuit Judges, and FORMAN, District Judge.

THOMPSON, Circuit Judge.

On April 28, 1934, the Court of Chancery of New Jersey appointed Peter Stone, receiver of the R. M. C. Meat Specialist, and Joseph Steiner, receiver of the Drive-to-Department Stores, both New Jersey corporations. A little less than four months thereafter, on August 17, 1934, involuntary petitions in bankruptcy were filed against the corporations and their receivers by the appellants herein.

In the case of Peter Stone, receiver (No. 5724), on the twentieth day of August, 1934, the District Court issued an order directing the petitioning creditors to show cause on August 27, 1934, why the petition in bankruptcy should not be dismissed upon the ground that the petitioning creditors participated in the proceedings pending in the Court of Chancery of New Jersey, wherein the alleged bankrupt is the defendant corporation, and for other divers reasons appearing on the face of the said petition.

In the case of Joseph Steiner, receiver (No. 5725), notice was given that on August 27, 1934, a motion would be made before the same court for an order "dismissing the petition on the ground that the same is vague, general and does not specifically set forth a cause of action."

On August 27, 1934, in the case of Peter Stone, receiver (No. 5724), an order was entered dismissing the petition and reciting as cause therefor that it was "* * * defective upon its face; that it is vague, not specific, and uses the words of the statute and fails to set forth any act of bankruptcy."

In the case of Joseph Steiner, receiver (No. 5725), the court on September 4, 1934, ordered the petition in bankruptcy dismissed for exactly the same reason.

It is apparently conceded that both of these estates were nearly terminated in the New Jersey Court of Chancery.

The petitioners in the bankruptcy actions had filed their claims with the receivers in chancery. It was argued that by so doing they were estopped from becoming petitioners in the bankruptcy proceedings.

■ We have here pleadings addressed to the petitions in bankruptcy which amount to or are simply motions to dismiss. Under such circumstances only such defects as appear upon the face of the petition may be considered by the court. Other issues must be raised by answer to the petition. The disqualification of the petitioners should be so raised, and the mere fact that a creditor had filed a claim in a receivership proceeding does not disqualify him as a petitioner in a bankruptcy proceeding.

■ The court recites in its order that the petition is vague, not specific, uses the words of the statute, and fails to set forth any act of bankruptcy. The petitions in each case set out several acts of alleged bankruptcy, one of which is in language similar to the following: "c. While insolvent, a receiver has been put in charge of its property under the laws of the State of New Jersey concerning corporations, which receiver was appointed by decree of the Court of Chancery, and the said R. M. C. Meat Specialists admitted its insolvency and consented to the appointment of a receiver and to a decree adjudging it insolvent."

Two affidavits were filed in the case of Peter Stone, receiver (No. 5724), in which it is denied that any decree was entered in the chancery proceedings adjudicating the defendant company to be insolvent, but that the receiver was appointed under a decree indicating that "the business of the defendant company was conducted at a loss and that it could not be conducted with safety to the public and advantage to creditors and stockholders." The appellants say that they had never seen the affidavits which were made part of the transcript of record until presented for inclusion in the record. It seems that the court permitted the filing of the affidavits nunc pro tunc, but the time of filing the affidavits seems rather immaterial in view of all of the other circumstances.

The bankruptcy law, as amended in 1926, provides what shall constitute an act of bankruptcy. 11 U.S.C.A. § 21 (a) (5) is as follows: "Made a general assignment for the benefit of his creditors; or, while insolvent, a receiver or a trustee has been appointed, or put in charge of his property."

The question then clearly arises here whether or not the petitioners had alleged an act of bankruptcy sufficiently in the language which they used in the petition and which has been quoted above. This question was set at rest by this court in the case of Meek v. Beezer, 28 F.(2d) 343, 346, wherein it was stated: "Section 3a of the act pursuant to which this petition was filed contains five subdivisions. Nos. (1), (2), and (3) relate to the actions of the bankrupt through which preferences have been secured. No. (4) refers to the making of assignment for the benefit of creditors and to the commission of an act of bankruptcy by a debtor, in that 'because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state.' Allegations in the mere words of the statute are generally insufficient. In re Cliffe (D.C.) 94 F. 354; In re Bellah (D.C.) 116 F. 69; In re Deer Creek Water Co. (D.C.) 205 F. 205; In re Condon (C.C.A.) 209 F. 800. This is true in cases where the words of the statute themselves do not fully and directly set forth with certainty the elements constituting the offense under the statute. With reference to section 3a (1), (2), and (3), it is evident that a petition containing allegations in the mere words of the act would be insufficient, because they would not apprise the respondent of the particular facts which he might desire to controvert. In such case, it is necessary to plead the ultimate facts, but not the evidence by which they are to be proved. United States v. Carll, 105 U.S. 611, 26 L.Ed. 1135. But with reference to class 3a (4), with which we are here concerned, the statutory words cannot well be amplified without pleading mere evidentiary facts. Doyle-Kidd Dry Goods Co. et al. v. Sadler-Lusk Trading Co. (D.C.) 206 F. 813; 1 Remington on Bankruptcy (3d Ed.) § 280. The amended petition expressly alleged that 'because of insolvency, receivers have been put in charge of its property under the laws of the commonwealth of Pennsylvania.'" In 1926 the Bankruptcy Act was amended changing the pertinent provision which theretofore read "because of insolvency" to "while insolvent." The reasoning of the last-cited opinion, however, is not disturbed by such change.

In none of the numerous cases cited by the appellee, Peter Stone, receiver, on pages 8 and 9 of his brief, can be found a single one which declares insufficient the pleadings of an act of bankruptcy in the language used by the petitioners here.

Nearly every case involves such an act of bankruptcy as would contemplate a preference to some creditor or a transfer of assets to hinder, delay or defraud.

It is true that in the Mason-Seaman Transportation Case (D.C.) 235 F. 974, 977, Judge Manton, speaking for the Second Circuit said: "An adjudication in bankruptcy would add expense to the estate and confusion to the carrying on of the business. I think this inadvisable in the absence of a clear and definite statement of acts of bankruptcy which would give the creditors an adjudication in bankruptcy as a matter of right." In that case there was, as in most of the others, an allegation of the creation of a preference. In each of the petitions here under consideration there was a clear and definite statement of an act of bankruptcy and the learned trial court had no discretion in the matter. The petitions must be sustained as matters of right.

In re Carasaljo Hotel Company (C.C.A.) 8 F.(2d) 469, does not help the appellees. In that case the allegation of insolvency recited the bare appointment of a receiver. No allegation was made as to the statutory concomitant "insolvency."

In the case of In re Morosco Holding Company (D.C.) 296 F. 516, as well as In re Lippincott & Co. (D.C.) 3 F.Supp. 1019, both much relied upon by the appellees, the courts were in the position where an exercise of discretion was craved so as to permit amendments to the petitions in bankruptcy. In both cases that discretion was exercised against the allowance of the amendments and decision was influenced by the expense and lack of substance in the amount of claims of the petitioning creditors who desired to transfer the proceedings from the equity side of either a state court, in one case, or the federal court, in another case, to the bankruptcy court.

The learned District Judge filed no memoranda before signing the orders here on appeal. In view of the fact that the cases were so near termination in the state court, he was indubitably actuated by an impulse to dispense with technical formalities in favor of what seemed to be an economic administration of these estates. Such action, however, would jeopardize the policy of the law giving paramount jurisdiction to the bankruptcy courts, and the orders appealed from must be reversed.

The orders are reversed.